## McCormack v. Cook, Administrator.

1. ACTION AGAINST AN ADMINISTRATOR ON A NOTE BARRED BY LIMITATION. Where in an action on a promissory note against the administrator of the maker, commenced after the note was barred by section 1373, Code of 1851 it appeared that the plaintiff was a non-resident of the State when the note was executed, and had so remained ever since; that at that time and thereafter until his death, the maker resided in this State; that the plaintiff had no notice of his death or of the appointment of an administrator until immediately preceding the commencement of the suit; and that the estate remained unsettled, and there was in the hands of the administrator means to pay all demands against the same; it was held that the showing of "peculiar circumstances" was sufficient to entitle the plaintiff to equitable relief.

*Appeal from Iowa District Court.*

WEDNESDAY, DECEMBER, 11.

*McCollough* for appellant.

*Martin* for appellee.

Lowe, C. J.—Suit on a note of $105, dated 16th May, 1855; executed by one John M. Collins, and payable the first of December thereafter.   In July, 1857, Collins departed this life; and the defendant was appointed his executor in September following, and published the usual administrator's notice in a newspaper printed at Marengo, in Iowa County, for the space of four weeks; a copy of which notice was, however, not filed in the probate office till after this suit was instituted.

On the 11th of November, 1859, one Henry Libbey filed this note, for the first time, for allowance in the Judge of of Probate's office; and made oath that the same was just and unpaid.   Afterwards, on the 17th of the same month, suit was brought in the District Court, with the consent and approbation of the county judge, against the present defendant who made the defense that under section 1373 of the Code, the claim was barred.   The cause was tried before the court, and during the trial the following additional facts were agreed upon or admitted by the parties, and placed upon record:

1. That the plaintiff, at the time of the execution of said note, was a non-resident, and he has ever since resided in Chicago, Illinois.

2. That John M. Collins was, at the date of said note, residing in Iowa county, and continued to reside in said county till his death.

3. That plaintiff had no agent residing in Iowa until he sent the note sued to his attorney in November, 1859; that he had not been personally notified of the decease of Collins, nor had any actual notice of his death, or the appointment of an administrator until November 1859.

4. That the claim is still unpaid, the estate still unsettled, and that there are means sufficient in the hands of the

administrator, belonging to said estate, to satisfy in full all claims, including the plaintiff's; and that the administrator has not yet made his final statement, &c.

Upon these facts the court still held that the claim was barred under the statute, and gave judgment for the defendant.

The plaintiff was some six or eight months too late in the presentation of his claim, and section 1373 of the Code bars the same, "*unless peculiar circumstances entitle the claimant to equitable relief.*" The conviction made upon our minds by the character of the pleadings, the evidence and facts admitted, and the whole conduct of the plaintiff is, that his failure to present his claim within the time prescribed by law was attributable more to his ignorance of Collins' death, and his over-indulgence, supposing him to be living, than to any laches or neglect on his part. In connection with this it is conceded that the debt is just and unpaid; that the estate is still unsettled, and able to pay all claims; and we cannot see why these are not just those equitable circumstances which the law intended should let in the claim, eepecially if we should give, as we are required to do, this, as all other portions of the Code, a liberal construction. Perceiving no reason why the plaintiff should be concluded in his right, under the circumstances we feel it our duty to reverse this case and have the cause remanded.

Reversed.