## WILCOX v. JACKSON.

1. **Estates of Decedents**: FILING CLAIMS: STATUTE OF LIMITATIONS. Where a party informed his attorneys of his claim against an estate, and supposed they had filed the same, but by mistake the claim was not filed until long afterwards, the case presents such equitable circumstances, excusing the failure to file the claim within one year after notice of taking out letters of administration, as to remove the bar of the statute of limitations.

2. ———: VARIANCE: PRACTICE. A party is not bound to prove number and price exactly as alleged; it is essential only that the substance of the issue be proved, and the objection not having been presented to the court below, cannot avail here.

*Appeal from Monroe Circuit Court.*

FRIDAY, DECEMBER 9.

THIS case was before us on a former appeal. See 51 Iowa, 296, to which, for a statement in part of the case, reference is here made. The cause having been remanded to the court below, the defendant filed an amendment to his counter-claim as follows: "That there are equitable circumstances entitling the defendant to relief and that the counter-claim though not proved within one year after the giving notice by the administratrix of her appointment is not barred.

Said equitable circumstances are as follows: Defendant filed said counter-claim in the office of the clerk of this court on the 27th of February, A. D. 1877, before the expiration of one year from the giving of notice aforesaid by the administratrix, duly sworn to as the law requires. That it was filed in the form it now appears, as the counter-claim in this case that was then pending; that the plaintiff was at that time present and in court appearing to the counter-claim.

That on the first day of March she filed a reply to the counter-claim denying each and every allegation therein; that this was still within the year from the giving notice by the administratrix; that no objection was made to the time of fil-

ing the claim or that it was barred.    Defendant further states that the one year from the giving of said notice expired on the 2d day of March, A. D. 1877.

He further states that had not the plaintiff filed a reply on the 1st of March, and interposed this as an obstacle to the proof of the claim he would have proved it within the year. So he says that it is owing to the plaintiff's own act as aforesaid that the defendant was prevented from proving up said claim.    He futher states that had he filed the counter-claim for the September term, 1876, he could not have proved it at that term owing to the number of cases on the docket and amount of business before it, and the cause would have had to be continued, as it in fact was, and it would not have been proved.

Defendant further avers that the reason the case was not tried at the February term, 1877, was owing to the reply filed by the plaintiff raising the general issue and the press of business in court having precedence on the docket.    He further states that ever since the filing of the counter-claim he was ready, willing and anxious to try said case and prove it, and it was not through any hesitation, tardiness or delay on his part that it was not proved at once and before the year expired.

And defendant states that it was not until at the September term, 1877, on the first day of October, the plaintiff thought of interposing the plea of the statute of limitations.    On that day for the first time the plaintiff interposed the defense to the said counter-claim and filed an amendment to the reply, and still the case could not be tried at that term owing to the resistance of the plaintiff as aforesaid and the amount of business in court having precedence.

That it was not through any fault of defendant that it was not tried and it was continued to the February term, A. D. 1878.

So the defendant says he filed the claim within the year and but for the resistance of the plaintiff would have proved it

within the year, and he insists that he should not be deprived of the right of recovery when the delay was caused by the plaintiff and the press of other business in the court.

The defendant filed a demurrer to this amendment to the counter-claim, which the court overruled. The defendant also filed a further amendment to his counter-claim, as follows:

"1st. That as a part of the contract stated in said counter-claim it was expressly agreed that said Jeremiah Wilcox should pay a certain note, made by this defendant as principal and said Wilcox as his surety thereon, to Monroe county for the use of the school fund for $500.00 secured by mortgage on this defendant's real estate and such payment when made by said Wilcox was to be payment to that extent on the debt to the defendant from said Wilcox for the cattle sold and delivered to him as shown in said counter-claim; that suit was brought in this court by said Monroe county on said note and mortgage against this defendant and his wife and judgment rendered against this defendant by this court February 26th, 1878, for $827.78 and $65 attorney's fees and costs and said mortgage foreclosed; that no part thereof has been paid.

"2d. He alleges that he resides in the northwest township of the county, and that during the year 1876, and especially previous to September of said year, he was almost constantly on or about his premises attending to his farming business which occupied about all his time; that he can neither read nor write, and during the years 1876–7 he took no newspaper published in said county, and prior to service of notice upon him in this case, to-wit: September 14, 1876, he was not aware, and had no knowledge that said Sarah J. was the administratrix of said Jeremiah Wilcox's estate; that prior to the filing of the counter-claim herein he had no information or knowledge in fact that said notice of said Sarah J's. appointment as administratrix of said estate had ever been given.

"3d. He further states that at the September term, A. D.

1876, of this court, he employed Perry & Townsend, attorneys at law of this court, to defend for this defendant in this case, and in case No. 880, in which said administratrix was plaintiff, and this defendant was defendant; that in pursuance of said employment, said attorneys prepared answers in each of said cases, and filed the same; that at or about the same time, he informed his said attorneys of his said claim against said estate for said cattle so sold and delivered, and employed them to prosecute the same, and he had a subpœna duly issued for his witnesses, by whom he expected to prove said claim, requiring them to appear and testify in said case at said September term, and that said witnesses attended this court at said term, for the purpose of testifying in regard to said claim.

"He further states that he is advised and believes, and so states the fact to be, his said attorneys at said September term of this court prepared the said counter-claim as it now appears, except as to the verification for the purpose and with the intent of having the same duly verified and filed at said September term of said court; that he fully believed and relied upon said belief that said counter-claim had been duly filed at the said term of said court, and upon the continuance of said cause at said term, he returned to his residence. He further states that some few days prior to the February term of said court, 1877, he came to Albia, Iowa, for the purpose of getting subpœnas for his witnesses, to prove up said claim, and did get the same and had his witnesses subpœnaed and in attendance, to prove up said claim whenever said claim could be reached for trial. That during all the time from said September term to the 27th day of February, A. D. 1877, he relied upon the full belief that said claim had been duly filed at the September term aforesaid, and that all things in that respect that the law requires had been complied with. That on the 27th day of February, 1877, he was informed by one of his attorneys that said claim had not been sworn to nor filed. Whereupon he duly verified the same and said claim

was duly filed. He further states that the cause of the delay in the filing of said counter claim was the result of accident or mistake. That his said attorneys had prepared the answer in this and in case No. 880, and pleadings in numbers of other cases pending then in said court, and their whole attention was engrossed and engaged in cases in court in the order in which they were or might be reached for trial. That this case, with a number of others, was continued, it being ascertained by the court that it was impossible to try the same at that term of court. The said counter-claim was, by accident, placed with other papers in the office of his attorneys at said September term, and there remained until February 27, 1877, when, in searching for other papers, this counter-claim was found among other papers, and it was then first discovered that it had not been filed and sworn to; that his attorneys all the while from said September term to February 27, 1877, were under the impression and full belief that said counter-claim had been duly sworn to and filed, and that the same would be tried at said February term if it could be reached; that it was not tried at that nor at the next October term of said court, was owing to the fact that there were other cases pending in said court which had priority of right to be tried, and which occupied all the time of said court during said two terms.

"He further states that said estate of said Jeremiah Wilcox still remains unsettled and that there is ample and abundant assets to pay all the demands and claims against said estate.

"He states that since the procedendo was issued by the clerk of the Supreme Court to this court he has been at every term of this court ready and willing to try this case, and that it has been continued without any fault on his part."

The plaintiff filed a demurrer to this amendment, which the court overruled.

The cause was tried to the court, and a finding of facts submitted, upon which the court established a claim against the

estate in question for $722.50, as a claim of the fourth class, and ordered that the administratrix pay the same out of the assets of the estate. The plaintiff appeals.

*Henry L. Dashiel*, for the appellant.

*Perry & Townsend*, for the appellee.

DAY, J.—The evidence is not contained in the abstract and hence the finding of the court must be regarded as embodying the facts of the case. The court submitted a finding of facts as follows:

"1. In the fall of 1873 Jerre Wilcox, now deceased, and Henry Saunders were partners in buying and selling cattle and live stock. Said Wilcox furnished all the purchase-money, and each sharing equally in the profits and losses. That about the last of September or first of October, 1873, these parties purchased of the defendant, N. P. Jackson, fourteen steers, averaging 1,200 pounds in weight, at four cents per pound, and four cows averaging 950 pounds, at two and one-half cents per pound, amounting in all to $767, on which $20 was paid, leaving due $747.

"2. That at the time this purchase was made said Wilcox was present making the purchase, or at least assisting in making the purchase, and said purchase was made in his name, and said Jackson understood at the time that said Wilcox was to be paymaster to him for said cattle, and it was verbally agreed between these two at the time, that said Wilcox was to apply a sufficient part or portion of the purchase-price of said cattle to the extinguishment of a certain school-fund note the principal of which was $500, given by said Jackson as principal and said Wilcox as surety, and that said Wilcox then verbally agreed to assume and pay off said note, and I find that as between these parties, Wilcox and Jackson, said school fund debt became thereafter the debt of Wilcox.

"3. I find that said school-fund note became due and pava-

ble December 19th, 1874, and I further find that on the 31st day of December, 1873, interest was paid on said note to the amount of $40. The evidence does not show by whom this interest was paid, but inasmuch as it was the duty of Wilcox to pay it, and no longer Jackson's duty (as between the parties), I deem it fair to presume that Wilcox did his duty in this respect at least. (1 Greenleaf on Ev., Sec 40), and I therefore find that Wilcox made this payment.

"The evidence also shows that there were other installments of interest paid on this note, but as they were paid after the note became due Wilcox should not be credited with the payment of any further amount except the interest that would accrue from December 31st, 1872, to the time the note became due; to-wit, December 19th, 1874, as it was his duty to pay off the note when it became due and stop the accumulation of interest. I further state that the evidence does not show by whom any of these installments of interest were paid.

"4. I also find that in the year 1874, being after the said cattle were purchased, that said Jackson executed to said Wilcox his promissory note for $125, on which said Jackson was subsequently sued and judgment rendered thereon against him, and this raises a presumption that the balance of the purchase-price of the cattle that had not previously been adjusted was then settled and paid (*Grimmell v. Warner*, 21 Iowa 12), and I find that Jackson then received pay for said cattle except the amount that it would take to pay off said school-fund note, which had previously been assumed by said Wilcox.

"5. I find that said Wilcox never paid any of the principal of said school-fund debt, but that his estate still owes said Jackson the principal of said note, being $500 with six per cent interest from the date of the purchase of said cattle; to-wit, October 1, 1873.

"6. I find that the evidence sustained the equitable circumstances alleged by the defendant in the amendments to his

counter-claim and relied on by him to remove the bar of the statute, which I find sufficient for that purpose.

"The court also finds that the allegations of plaintiff's reply as to the time of her appointment as administratrix and the time notice thereof was published are established by the evidence."

I. It is claimed that the facts alleged in the amendments to the counter-claim, and found by the court to be established by the testimony do not constitute such equitable circumstances as will excuse the failure to prove the claim within one year of the giving of notice of the taking out of letters of administration. In the last amendment to the counter-claim it is alleged amongst other things that the defendant informed his attorneys of the existence of his counter-claim at the September term, 1876, and that during all the time from said September term to the 27th of February, he relied upon the full belief that his claim had been filed at the September term, and that all things that the law requires in that respect had been done, and that said counter-claim was by accident placed with other papers in the office of the attorneys at the September term and there remained until February 27, 1877, when it was found, and it was first discovered that it had not been sworn to and filed. Mistake and accident are favored grounds of equitable relief. If the counter-claim had been filed at the September term, 1876, and on account of continuance resulting from the application of the plaintiff, or the press of business of the court, had not been proved until after the year expired, the client's claim would not, under the former decisions of this court, have been barred. We have now a case in which it was the intention to file the counter-claim more than six months before the year elapsed, in which the defendant supposed it had been so filed, and in which the omission to file resulted from accident or mistake. We think the circumstances alleged in the second

*Margin note:* 1. ESTATES of decedents: filing claims: statute of limitations.

amendment to the counter-claim are sufficient to remove the bar of the statute of limitations.

II. The original counter-claim alleges that the defendant sold and delivered to Wilcox nineteen head of fatted cattle, for which Wilcox undertook and promised to pay the sum of eight hundred and sixty dollars.

2. ——: va-
riance : prac-
tice.

The court found that Wilcox purchased of the defendant fourteen steers, averaging 1,200 pounds, at four cents per pound, and four cows averaging nine hundred and fifty pounds, at two and one half cents per pound, amounting in all to $767. It is claimed that the contract which the court has found is not the contract upon which the defendant claims, and that, therefore, the court erred in establishing a claim against the estate.

The defendant was not bound to prove the exact number and price as alleged in his counter-claim. It is essential only that the substance of the issue be proved. 1 Greenleaf on Evidence, Sec. 56: "In general the allegations of time, place, quantity, quality, and value, when not descriptive of the identity of the subject of the action, will be found immaterial, and need not be proved strictly as alleged." 1 Greenleaf, Sec. 61. Besides, so far as the record shows, this objection is raised for the first time in this court. No objection is shown to have been made to the proof when offered. It is not shown that there was any variance between the proof and allegation which was prejudicial to the plaintiff. If the objection had been made in the court below, the court might have ordered any immediate amendment without costs. See Code, § § 2686 and 2687. The objection not having been presented in the court below cannot avail here. The judgment is

AFFIRMED.