## ROAF v. KNIGHT.

**Estates of Decedents:** CLAIMS AGAINST: STATUTE OF LIMITATIONS: EQUITABLE CONSIDERATIONS. *Plaintiff, a resident of Massachusetts, seeks in this action to recover a claim against an estate in Iowa. Her claim was not filed within twelve months after the giving of notice of the administration, and hence is barred by section 2421 of the Code, "unless peculiar circumstances entitle plaintiff to equitable relief." As entitling plaintiff to such relief, she alleges that she did not know the law, but was informed by an attorney of her own state, soon after the death of decedent, that two years were allowed by the laws of Iowa for filing such claims, which information she believed and relied on; that she was not at that time able to employ counsel to prosecute her claim; that soon after the appointment of the administratrix she gave her actual notice by letter of her claim; and that the estate was solvent and unsettled. Held that these facts did not entitle plaintiff to equitable relief, and that a demurrer to her petition was properly sustained.*

*Appeal from Boone District Court.*—HON. S. M. WEAVER, *Judge.*

FILED, MAY 17, 1889.

THE plaintiff filed a claim against the estate of D. B. Knight, deceased. The defendant, F. A. V. Knight, administratrix of the estate, demurred to the claim. The demurrer was sustained, and plaintiff appeals.

*W. S. Bicksler*, for appellant.

*Crooks & Jordan* and *D. D. Chase*, for appellee.

ROTHROCK, J.—It is averred in the statement of claim that the plaintiff is a resident of the state of Massachusetts, and that, in the year 1880, D. B. Knight, deceased, by certain false and fraudulent representations, and by an oral guaranty, induced the plaintiff to purchase of him three bonds, in the sum of one thousand dollars each, issued by the Independent school district of Riverside, in Lyon county, Iowa; that said bonds were void and of no value, but that plaintiff had no knowledge nor information that said bonds were invalid until after the death of said Knight. It appears

that Knight died at some time prior to April, 1886, and letters of administration were issued to F. A. V. Knight by the district court of Boone county. The claim was filed in the Boone district court on the eleventh day of January, 1888. The district court sustained the demurrer to the claim on the ground that it was barred by the statute of limitations. The demand belongs to claims of the fourth class as defined by section 2420 of the Code. Section 2421 of the Code provides that all claims of the fourth class, not filed and proved within twelve months of the giving of notice of administration, "are forever barred unless the claim is pending in the district or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief." The claim of the plaintiff was not filed until nearly two years after the administratrix qualified. It was therefore necessary that the plaintiff should set forth in her petition or statement of claim peculiar circumstances entitling her to equitable relief. That part of the petition which it is claimed should take the case out of the statute of limitations is as follows :

"*Fifth.* And your petitioner, for cause of her failure to file her claim before this term of court, says that she did not know that such claims were required by the laws of Iowa to be filed within one year of the date of publication of notice of the appointment of the administratrix; but, on the contrary, she was informed by an attorney at law in Massachusetts, with whom she counseled early in the year 1886, that two years were allowed for the proof of such claims; and she believed such information to be true; and, further, she could not then afford to employ counsel, and prosecute the claim. She heard of the appointment of administratrix about April, 1886; and, by letter to said administratrix, gave actual notice of claim to administratrix as early as the month of April, 1886, or thereabouts. *Sixth.* That said Fannie A. V. Knight has been qualified and is acting as administratrix of said estate; that said estate is solvent and is not yet settled; and that your petitioner's claim made herein is just and equitable."

This court has quite frequently been required to determine whether certain facts and circumstances are sufficiently peculiar to entitle a party to equitable relief under the section of the Code above cited. No rule has been adopted as to the facts necessary to arrest the operation of the statute; and it is apparent that, as each case rests upon its own facts, it must be considered, in a measure, upon its own merits. It has been held in some of the cases that the fact that the estate is unsettled when the claim is filed is an important consideration in determining whether equitable relief should be afforded. *McCormack v. Cook*, 11 Iowa, 267; *Johnston v. Johnston*, 36 Iowa, 608. In other cases it has been held that the fact that negotiations had been had with the administrator or his attorney, with the purpose of effecting a settlement of the claim, is an important consideration. *Burroughs v. McLain*, 37 Iowa, 189; *Pettus v. Farrell*, 59 Iowa, 296; *Orcutt v. Hanson*, 70 Iowa, 604. It appears from the averments of the petition in this case that, when the claim was filed, the estate was unsettled and solvent. But, notwithstanding this averment, we think the excuse given for the delay is not sufficient. It is true it is averred that the plaintiff did not know that claims were barred if not filed in one year. There is nothing peculiar pertaining to this want of knowledge of the law, and we think that she should have made some inquiry of some one at the place where her claim was to be adjusted rather than to rely upon advice received from one in the state of Massachusetts. It appears that plaintiff knew who was administratrix, and in April, 1886, wrote a letter giving notice of the claim; and she had such information as induced her to believe it would be necessary to employ counsel to prosecute the same, and yet she delayed filing for nearly two years after that time. We fail to discover that there are any facts alleged which, in our opinion, should be held sufficient to arrest the operation of the statute.

AFFIRMED.