HAWKEYE INSURANCE COMPANY, Appellant, v. FREDERICK
W. LISKER, Executor of the Estate of Frederick Lisker,
Deceased.

Estates of Decedents: CLAIMS: LIMITATION OF RIGHT TO FILE:
EQUITABLE RELIEF. Want of actual notice to a resident of this
state of the appointment of an executor will not operate to
prevent the bar of a claim against an estate, where proper
notice by publication has been given.   Evidence considered
and held insufficient to show any equitable ground for allow-
ing plaintiff to file its claim after the period of limitation.

*Appeal from Poweshiek District Court.*—HON. JOHN T.
SCOTT, Judge.

FRIDAY, JANUARY 22, 1904.

THE plaintiff obtained a judgment against Frederick
Lisker in Polk county in October, 1873.   Lisker was then,
and up to the time of his death in December, 1900, a resident
of Poweshiek county.   The defendant herein, Frederick W.
Lisker, was appointed executor of his estate during the latter
part of December, 1900, and the plaintiff's claim was filed
against the estate in February, 1902, only a short time after
it was barred by the statute, alleging equitable grounds for
its allowance.   It was not allowed, and the plaintiff appeals.
—*Affirmed.*

*E. E. Blanchard* for appellant.

*W. R. Lewis* and *Norris & Norris* for appellee.

SHERWIN, J.—The plaintiff's judgment had slept for
over twenty-seven years before the judgment defendant died,
without even an inquiry as to whether it could be collected.
Aside from this, however, we think no facts are shown en-
titling the plaintiff to equitable relief.   The statutory notice

of the appointment of the executor was duly published in the proper jurisdiction, and the plaintiff was a resident of the state, and bound to take notice of such appointment. It will not do to say that because it had no actual notice thereof it may claim equitable relief, because to so hold would destroy the limitation entirely, except in cases of actual notice, while the statute expressly provides for service by publication.

In addition to the claim of no actual notice, the plaintiff relies upon the fact that its traveling collector was directed to look after this, with other claims in that county, after the death of Lisker, and that he reported on other claims, but made none on this. Conceding this to be true, it does not show such diligence or attention to the claim on the part of the plaintiff as to entitle it to special consideration. It was not shown, as it was in *Manatt v. Reynolds,* 114 Iowa, 688, that the plaintiff had taken any steps toward having its claim against the estate filed within the statutory period. In that case the plaintiff took affirmative action to protect his rights, and was assured that they were protected, while in this the plaintiff did nothing more than to send its claim, with others, to its general collector, who made no report thereon. Surely, if the plaintiff had then known of the death of its debtor and of the appointment and qualification of his executor, it would be granted no equitable relief upon such a showing of diligence; hence it really makes no showing for relief, except want of actual notice, and this cannot be entertained.

In *McCormack v. Cook,* 11 Iowa, 267, the plaintiff was a resident of Chicago, Ill., and had no agent in this state, while here it is shown that the plaintiff sent its collector to Poweshiek county to look after its matters there. Some attempt is made to show that the claim was also sent to the sheriff of the county, but when this was does not appear with any certainty, and we give it no further consideration. It would serve no useful purpose to review our cases on this subject; no two cases are precisely alike in their facts, and it is upon the facts that a determination of each case must rest.

The judgment is AFFIRMED.