IN RE ESTATE OF CHARLES F. HELMTS.

GREAT WESTERN INSURANCE COMPANY, Appellant, v. MARY E. THEEDE et al., Executrices, Appellees.

EXECUTORS AND ADMINISTRATORS: Claims—Peculiar Circumstances Avoiding Bar. The fact that a claimant against an unsettled and solvent estate does not know, and has no reason to know, that the debtor has died, is such peculiar statutory circumstance as justifies (1) the prompt filing of the claim after learning of the death, and (2) the granting of equitable relief.

Headnote 1: 24 C. J. p. 366.

*Appeal from Cass District Court.*—T. C. WHITMORE, Judge.

DECEMBER 14, 1926.

REHEARING DENIED MARCH 22, 1927.

An action to establish a claim against the estate of decedent. The lower court sustained a plea based on the statute of limitations, refused allowance of the claim, and claimants appeal.— *Reversed.*

*Swan, Martin, Martin & Kringel, O. B. Hartley,* and *Ben J. Gibson,* for appellant.

*C. A. Meredith, J. B. Rockafellow,* and *W. E. Mitchell,* for appellees.

ALBERT, J.—Charles F. Helmts purchased a certain tract of land in Ringgold County, which was under mortgage of about $26,000, made by Edward P. Bennett and wife, and payable to Leo E. Stevens. Helmts received a deed for the land, which provided, among other things, "subject to a mortgage of $26,000 now of record, favor of Leo E. Stevens of Des Moines, due July 31, 1931, which the grantee hereby assumes and agrees to pay as part of the purchase price of said land." Shortly after Helmts bought this land, the claimant herein, the Great Western Insurance Company, acquired the mortgage and note from Stevens by assignment. During his lifetime, Helmts paid the interest due on this mortgage to the claimant herein. Helmts died testate April 10, 1923. His will was probated on the 28th day of April following, and Mary E. Theede and Ida F. Franklin were appointed executrices of his estate. They published notice, as ordered, in the Atlantic News Telegraph, under dates of April 28, May 5, and May 12, 1923. On the 23d day of June, 1923, claimant herein addressed a letter to C. F. Helmts, at Atlantic, Iowa, advising him that, on July 1st following, $1,690 would be due on said loan as interest. This letter was received by the executrices, and on June 26, 1923, the Whitney Loan & Trust Company Bank of Atlantic sent to the claimant a draft for $1,690 interest, accompanied with a letter, the material part of which is as follows:

"Enclosed herewith draft for $1,690 to pay the annual interest due July 1, 1923, on loan of $26,000 held by your company on land in Ringgold County, Iowa, assumed by Mr. Charles F. Helmts, of this city."

On May 9, 1924, claimant, through its general counsel, mailed to C. F. Helmts a letter, as follows:

"Will you please let us know if the taxes on the property covered by the loan which this Company holds covering the land purchased by you from Edward P. Bennett and wife have been paid up to the last tax due date?"

This letter was received by the executrices, but not answered until after the expiration of the year for filing claims. When C. A. Meredith, attorney for said executrices, answered the letter, which had been handed to him by the executrices, where he states that "all taxes have been paid that are due," and also advised that Helmts died on the 10th day of April, 1923, this was the first knowledge or information that claimant had of the death of Helmts. On the 21st day of May following, claimant wrote Meredith, attorney for executrices, expressing its surprise to learn of the death of Helmts, made inquiry as to the addresses of the executrices, and informed him that it was considering the advisability of filing a claim for the amount of this mortgage, suggesting that possibly the executrices or beneficiaries would wish to pay off the mortgage, in view of the fact that it was drawing 6½ per cent interest. On the 24th of May, Meredith responded to this letter, giving the addresses of the executrices, and stating that the estate was being probated in the district court; that he, Meredith, was attorney for the executrices; and that the estate was worth something over $100,000. He further says:

"The estate is still in the process of administration and will not be closed for a considerable time yet."

On the 27th day of May, the company wrote Meredith a letter containing the following:

"Before proceeding along the lines indicated, I shall be glad to wait a few days to give you an opportunity to take this up with your client and ascertain what their positions and wishes are in the matter."

This had reference to the proposition of taking up the loan. This letter was never answered. A few days afterwards, claimant made a personal investigation of the situation at Atlantic, and on the 19th day of June, 1924, it filed its claim in said estate, based on this mortgage which is the subject of controversy herein.

Defendants filed answer, pleading the statute of limitations, or non-claim statute, and claimant filed reply, setting out certain matters which are alleged to be equitable grounds in avoidance of the statute.

Some other questions were originally involved in the case, but as it is now presented to us, there is but one question, and that is whether or not an equitable excuse has been shown for failure to file this claim within one year from the completed service of the notice.

Appellees justify the action of the district court in disallowing this claim by reason of the following opinions of this court: *Allen v. Moer,* 16 Iowa 307; *Colby v. King,* 67 Iowa 458; *Schlutter v. Dahling,* 100 Iowa 515; *Hawkeye Ins. Co. v. Lisker,* 122 Iowa 341; *Bentley & Olmstead v. Starr,* 123 Iowa 657; *Boyle v. Boyle,* 126 Iowa 167; *McDermott v. McDermott,* 138 Iowa 351; *In re Estate of Fatland,* 197 Iowa 1231. Aside from the *Hawkeye Ins. Co.* case, each and all of these cases are cases where the claimant knew of the death of the decedent long before the time expired for filing claims. In the *Hawkeye Ins. Co.* case, this knowledge was lacking, but they sought to escape on the ground of equitable excuse. In the first instance, they had a judgment which had run somewhat over twenty years, to which they gave no attention whatever, and never attempted to collect it. The only excuse they gave was that they had some agent in that community whom they had instructed to investigate it, but he failed so to do. Of course, the *Hawkeye Ins. Co.* case was rightfully ruled, but it is not controlling in the situation we have before us. Each of the above cases referred to by appellee turns largely, if not wholly, on the proposition that the claimant was negligent in not filing a claim within time, when he knew of the death of the decedent. In the instant case, the claimant not only did not know of the death of Helmts until after the time had expired for filing claims, but, in addition thereto, all the surrounding circumstances would suggest, and were such as to lead claimant to believe, that Helmts was still alive, and was paying the interest as it became due. There was nothing in the transaction that would put claimant on guard, or to warn it, or in any way indicate to it that Helmts had passed out; and the first information it received thereof was in the letter from the attorney of the executrices which reached it after the time had

expired for filing the claim. We said in the case of *Nichols v. Harsh,* 202 Iowa 117, a case in which the facts were somewhat similar to the present case, as follows:

"The relief granted in cases of this kind is made by statute to depend upon 'peculiar circumstances,' entitling the party to equitable relief. No element of estoppel is involved herein; the rights of no other parties have intervened because of any act on the part of appellant; the estate is unsettled and open for proper distribution among the legitimate creditors; there is no contention that appellant's claim is not valid; and the estate appears to be solvent. In view of all of the facts and circumstances disclosed by this record, we are constrained to hold that appellant has established such peculiar circumstances as, under the record, entitle him to the equitable relief of being allowed to file his claim against said estate, notwithstanding the bar of the statute of limitations. Every case must, of necessity, under this statute, be governed by the 'peculiar circumstances' pertaining to it. We should give this statute a liberal construction, in order to effectuate justice. Such is its clear purpose and intendment."

Applying the doctrine laid down in the *Nichols* case to facts at bar, we are of the opinion that this claimant should have been allowed to prove its claim, and, if properly proven, it should have been allowed as a claim against the estate, notwithstanding the fact that it was filed after the lapse of the twelve months provided by statute. The estate is shown to be perfectly solvent; it is not settled; the claim is a legitimate claim; and we see no reason why it should not have been allowed, if proven.—*Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.