IN RE ESTATE OF AUSTIN N. PALMER.

666 WEST END AVENUE CORPORATION, Appellant, v. SADIE WHITING PALMER et al., Appellees.

No. 40730.

APRIL 10, 1931.

*Edward J. Dahms* and *Elmer A. Johnson,* for appellant.

*Wheeler, Elliott & Shuttleworth* and *O. N. Elliott,* for appellee.

WAGNER, J.—Austin N. Palmer died in New York City in November, 1927. Cedar Rapids, Iowa, was the place of his legal residence at the time of his death. His will was admitted to probate in Linn County, and his widow, Sadie Whiting Palmer, and the Merchants National Bank of Cedar Rapids, were appointed executors. Said executors qualified, and on November 22, 1927, under the direction of the court, they gave notice of their appointment by publication, due proof of which was filed with the clerk of the district court. It appears that the decedent and his wife were, for the time being, located in New York City, and on September 12, 1927, the decedent and the claimant entered into a written lease, by the terms of which the decedent leased from the claimant, for the period of two years, beginning October 1, 1927, a four-room apartment in a building known as the Windermere Hotel, in New York City, at the monthly rental of $358.33, payable in advance. The rent for the months of October and November, 1927, was paid prior to the time of testator's death. The claim upon which this litigation is founded was filed by the claimant, a corporation, in the clerk's office of Linn County on August 24, 1929, approximately one year and nine months after the publication of the notice of appointment of the executors. The executors plead and rely upon the statutory bar provided by Section 11972, Code, 1927. It is well settled that, since the statutory period provided for

by said section had expired prior to the filing of the claim, the burden is upon the claimant to allege and prove "peculiar circumstances" entitling it to equitable relief: that is, such facts and circumstances as would be a justification for its failure to file and give notice of the hearing of its claim before the expiration of the statutory period of one year. See *Anderson v. Storie,* 208 Iowa 1172; *Roaf v. Knight,* 77 Iowa 506. On September 10, 1929, the claimant filed an amendment to its claim, in which it alleges the claimed facts relied upon as being sufficient to entitle it to "equitable relief," within the meaning of the aforesaid statutory provision; and the question for our consideration and determination is as to whether or not said allegations and proof relative thereto are sufficient to remove the statutory bar.

The apartment was vacated and the furniture removed therefrom very shortly after the death of Mr. Palmer. The claimant has been paid in full for the rent during the period of time when it was occupied by the decedent and his wife. It was re-rented by the claimant in February, 1929. In the claim filed, the claimant states that, under and by virtue of the terms of said lease, there became due to it the sum of $1,433.35, representing unpaid rent beginning September 1, 1927, and ending April 1, 1928, and the balance of $6,089.61 to the expiration date, to wit, September 30, 1929.

We have frequently announced that, in the determination of the question as to whether or not the claimant has shown that he is entitled to equitable relief within the meaning of the statute, no general rule can be laid down, but that each case must be determined upon its own "peculiar circumstances." This is so well established as not to require the citation of authorities, but see *Simpson v. Burnham,* 209 Iowa 1108; *Anderson v. Storie,* 208 Iowa 1172; *Nichols v. Harsh,* 202 Iowa 117; *In re Estate of Jacob,* 119 Iowa 176; *Roaf v. Knight,* 77 Iowa 506.

The fact that the claim may be a just claim is immaterial in the determination of the proposition which is before the court. See *Doyle v. Jennings,* 210 Iowa 853. In the cited case, we said:

"If the justness of the claim is a sufficient equity to comply with the requirements of the statute, then the statute itself is an idle one. The requisite of justness is imperative, even when the claim is filed within the period of limitation. It is no less

required after the period of limitation, even when peculiar circumstances entitling the plaintiff to equitable relief are approved. In other words, the justness of the claim is not a 'peculiar circumstance,' within the meaning of this statute [Section 11972, Code, 1927]. On the contrary, it is of the very essence of the claim itself.''

It is conceded that the estate is solvent, and that administration of the estate has not been closed. The final report of the executors was filed before the filing of the claim in controversy, and, but for the pendency of this claim, the administration of the estate would have been closed. It is a well recognized rule of law that the mere fact that the estate is solvent and remains open at the time of the filing of the claim will not be sufficient to constitute ''peculiar circumstances'' entitling the claimant to equitable relief. To so hold would .amount to an annulment of the plain statutory provisions. See *Simpson v. Burnham,* 209 Iowa 1108; *Anderson v. Storie,* 208 Iowa 1172; *In re Estate of Jacob,* 119 Iowa 176; *Roaf v. Knight,* 77 Iowa 506.

In *Simpson v. Burnham,* 209 Iowa 1108, we declared:

''* * * the mere fact that the estate is solvent and unsettled will not furnish the statutory peculiar circumstances. They must exist independent of the fact that the estate is solvent and unsettled.''

The record discloses that, shortly after the death of the decedent, the claimant ascertained who were the executors of said estate; that the corporation had in its employ a firm of attorneys doing business in New York City; that the claimant and said attorneys wrote several letters to the Merchants National Bank of Cedar Rapids, one of said executors, and to its president. On December 8, 1927, the claimant wrote the bank, stating, in substance, that the decedent leased an apartment for a term of two years, from October 1, 1927, at the annual rental of $4,300, and that a bill was inclosed in the amount of $358.34, the same being the rent for the month of December, 1927, and asking when it might expect payment, ''as we must have our rent collections completed the 10th of the respective month.'' On January 26, 1928, the New York attorneys wrote the president of the bank, stating: ''We trust that you will take this matter up

and arrange an immediate settlement.'' On March 3, 1928, the attorneys wrote the bank, inclosing what they denominated proof of claim in the amount of $1,433.35, for rent accrued. The statement inclosed is as follows:

"Date March 1, 1928.

"Mr. Austin N. Palmer
    Apt. No. 6G-H
            The Windermere
        to 666 West End Avenue Corporation, Dr.

| | |
|---|---|
| Rent from 3-1-28 to 4-1-28 | 358.34 |
| Bills rendered | 1075.01 |
| | 1433.35 |

"The above is a true copy of rent bills of the above apartment, as shown on the books of the Windermere Hotel.

"T. J. Norton."

Said statement is not verified. Claims against estates must be verified. See Section 11958, Code, 1927. No request was made, nor was it the intent of claimant and its attorneys, that it be filed with the clerk of the district court. Neither the bank nor its president made answer to said letters. It is shown that the firm of Grimm, Wheeler, Elliott & Shuttleworth had been employed by the executors as attorneys in the settlement of said estate. On March 29, 1928, said firm, by Mr. Elliott, wrote the claimant the following letter:

"We are attorneys for the A. N. Palmer Estate and the Merchants National Bank has requested that we write to you or to your attorneys with reference to your letters with respect to claims for rent. We have mislaid the letter from your attorneys and consequently do not have their address or we would write to them direct. Under the law in this state, an estate must remain open at least one year for the filing of claims and until the expiration of this time, the executors cannot disburse the assets and make final report and settlement."

At the time of the writing of said letter, Mr. Elliott did not have any of the correspondence which the claimant or its attorneys had written the bank, or its president. He had no knowledge as to whether or not the claimant had filed a claim

with the clerk of the court. The record fails to reveal that the executors ever received any statement in which any greater amount than $1,433.35 was requested. In the claim filed, they are now asking $7,522.96. No information was asked by the claimant or its attorneys from the executors as to the requirements of the Iowa law relative to the filing of claims. The letter written to the claimant by Mr. Elliott was written in the best of faith on his part. The information therein given is correct. There was no fraud, deception, or misleading statements or conduct on the part of the executors, or the Iowa lawyers, and no information given which would entitle the claimant and the New York lawyers to assume or believe that the filing of a claim with the clerk of the district court within the statutory period of time, as required by the statutory law, would not be required. There was no payment or promise of payment made to the claimant or its attorneys, and no suggestion that it would not be necessary to comply with the law,—no inducement for the claimant or its attorneys to disregard the law. The claimant alleges that it was not familiar with the Iowa law, and argues that the New York attorneys representing it did not know the requirements of the Iowa law, and assumed that the Iowa law is identical with the New York law, and one of the New York attorneys testified: "Under the laws of New York, we file claim with any executor, and when claims are contested, a notice is given the executor of the estate."

It will be observed that the plaintiff and its attorneys, immediately after the death of Mr. Palmer, were fully informed and conversant with the facts upon which the claim is founded, and that the estate was opened, and who were the executors. There was no mistake on their part as to any proposition of fact. Whatever mistake there was on their part was one of law, as to which the executors and their attorneys are free from blame. A mere mistake of law, under the circumstances as disclosed by the record, is not sufficient to entitle the claimant to equitable relief. See *Simpson v. Burnham,* 209 Iowa 1108; *Roaf v. Knight,* 77 Iowa 506; *In re Estate of Ring,* 132 Iowa 216. In *Roaf v. Knight,* 77 Iowa 506, the facts are quite analogous to those in the instant case. The decedent died sometime prior to April, 1886, and letters of administration were issued and notice thereof published shortly after the death of the decedent. The claim

was not filed until January, 1888. The claimant resided in the state of Massachusetts. She, by way of allegations of fact claimed to constitute "peculiar circumstances" entitling her to equitable relief, alleged:

"And your petitioner, for cause of her failure to file her claim before this term of court, says that she did not know that such claims were required by the laws of Iowa to be filed within one year of the date of publication of notice of the appointment of the administratrix; but, on the contrary, she was informed by an attorney at law in Massachusetts, with whom she counseled early in the year 1886, that two years were allowed for the proof of such claims; and she believed such information to be true; * * * and, by letter to said administratrix, gave actual notice of claim to administratrix as early as the month of April, 1886, or thereabouts."

She further alleged that the estate is solvent and not yet settled, and that her claim is just. It was held by this court that these allegations were not sufficient to constitute "peculiar circumstances" entitling the claimant to equitable relief. The court, in passing upon the question, made the following pronouncement:

"It appears from the averments of the petition in this case that, when the claim was filed, the estate was unsettled and solvent. But, notwithstanding this averment, we think the excuse given for the delay is not sufficient. It is true it is averred that the plaintiff did not know that claims were barred if not filed in one year. There is nothing peculiar pertaining to this want of knowledge of the law, and we think that she should have made some inquiry of someone at the place where her claim was to be adjusted, rather than to rely upon advice received from one in the state of Massachusetts. * * * We fail to discover that there are any facts alleged which, in our opinion, should be held sufficient to arrest the operation of the statute."

The appellant complains because the bank remained silent —did not answer the letters of the claimant and its attorneys. In fact, it complains, in substance, because the bank did not write them of the requirements of the Iowa law, although no information in that respect was requested. The fact that the

executors did not answer the letters of the appellant should have put the claimant and its attorneys upon inquiry as to the legal rights of claimant and to ascertain the proper legal requirements to be pursued. See Anderson v. Storie, 208 Iowa 1172.

The appellant further alleges, and there is proof to substantiate it, that, on April 3, 1929, the claimant's attorneys wrote Robbins, an attorney at Cedar Rapids, relative to the matter; that Robbins was sick at that time, which fact was unknown to claimant; and that he subsequently died, May 27, 1929. Although Robbins was sick, the letter was promptly answered two days later, over a signature purporting to be that of Robbins; but the letter was, in fact, dictated by Dahms, one of the attorneys now representing the claimant. In this letter, the claimant received the information that no claim had been filed as required by the law. After the death of Robbins, the matter was taken up with Dahms, and the claim was prepared and filed, and subsequently amended, as hereinbefore stated. The fact of the sickness of Robbins cannot avail the claimant, as the letter addressed to him was promptly answered, two days later. Moreover, the letter to Robbins was written long after the expiration of the period of time for the statutory bar.

It is quite apparent from the record that the claimant has not alleged or proven such facts and circumstances as are a justification for its failure to file and give notice of the hearing of its claim before the expiration of the statutory period of one year.

The appellant relies upon Smallwood v. O'Bryan, 208 Iowa 785; Nichols v. Harsh, 202 Iowa 117; Ball v. James, 176 Iowa 647; Craig v. Craig, 167 Iowa 340; In re Estate of Camp, 188 Iowa 734; Wilcox v. Jackson, 57 Iowa 278: but the facts in said cases are not analogous with those in the instant case. The distinction between said cases and the instant case becomes readily apparent upon a careful reading thereof, and we do not deem it necessary to extend the length of this opinion by pointing out the distinction.

Under the facts of the instant case, as shown by the record,

the judgment of the trial court is correct, and the same is hereby affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, MORLING, and KINDIG, JJ., concur.

GRIMM, J., not participating.