**In re Matter of the ESTATE of R. G. NORTHUP, Deceased.**

**Leota P. HAMLIN, Appellant,**

**v.**

**Anrose A. FOSTER, Appellee.**

**Nos. 2–56269, 2–56270.**

Supreme Court of Iowa.

June 25, 1975.

Irish, Skinner & Weislander, Altoona, for appellant.

John L. Mowry, Marshalltown, and Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellee.

McCORMICK, Justice.

This appeal involves the late filing of a claim in an estate. The question is whether claimant is entitled to equitable relief from the bar of the six month limitation period of § 633.410, The Code. The trial court held she is not. We reverse and remand.

Leota P. Hamlin appeals an order dismissing her claim against the estate of R. G. Northup and a separate order dismissing her petition in an action in the Marshall District Court against the executor of the Northup estate. Her claim and lawsuit asked damages for personal injuries she allegedly sustained in a motor vehicle collision with Northup on October 31, 1971. The executor filed motions to dismiss both the claim and the petition, premised on late filing of the claim.

The hearing on the motion to dismiss the claim was held first. In submitting the motion the parties stipulated that there was no misrepresentation or deception by any officer of the court, insurance carrier or interested party causing the failure to file the claim within the six month period after the second publication of notice to creditors, provided in § 633.410, The Code. Claimant sought to bring herself within the exception in § 633.410 which says the six month limitation "shall not bar claimants entitled to equitable relief due to peculiar circumstances."

The record in the probate proceeding consisted of facts alleged by claimant in her verified resistance to the executor's motion to dismiss the claim and of exhibits attached to the resistance.

We are favored by detailed trial court findings of fact and conclusions of law. The trial court summarized the record as follows:

"The claimant, Leota P. Hamlin, was involved in an automobile collision with the decedent on October 31, 1971.

"The decedent, Richard G. Northup, died on November 14, 1971. He was a resident of Marshall County, Iowa, at the time of his death. Anrose A. Foster was appointed as executor of the decedent's will on November 15, 1971 by this court. Notice of appointment of executor and notice to creditors was published pursuant to the law on November 18th and 25th, 1971.

"Sometime after the accident the claimant filed an Iowa accident report indicating that the collision was a nonfatal accident.

"On November 22, 1971, the decedent's insurance carrier wrote to Leota Hamlin in the care of the Iowa Lutheran Hospital in Des Moines, Iowa with reference to her claim against its insured. On November 26, 1971 this letter was answered by Ed Skinner of the firm of Irish & Skinner of Altoona, Iowa. The letter of the insurance carrier and the reply thereto related to medical authorizations. The reply further stated that Attorney Ed Skinner was representing the claimant.

"On or about the 11th day of January, 1972, Mr. Hugh D. Grandfield, Assistant Superintendent of Claims for the insurance carrier, met with Mr. Ed Skinner in his office in Altoona, Iowa, for the first time.

"Sometime in May of 1972 a representative of the insurance carrier attempted to contact Mr. Skinner and was advised by his office that he was in court and unavailable.

"The claimant underwent surgery on numerous occasions after the accident on October 31, 1971, the last surgery being on June 24, 1972. The claimant resides in Bondurant, Iowa, and is not a resident of Marshall County.

"Mr. Skinner did not have notice or know of the death of Richard G. Northup until approximately July 14, 1972.

"On July 14, 1972 Mr. Grandfield met with Mr. Skinner at the latter's office in Altoona, Iowa. At that meeting the estate proceedings were mentioned and Mr. Grandfield advised Mr. Skinner that he did not have information concerning the status of the estate proceedings and advised Mr. Skinner to personally resolve that question.

"On August 7, 1972 Mr. Skinner filed the claim in question on behalf of his client, Leota P. Hamlin. It is a claim for damages arising out of the automobile collision with the decedent on October 31, 1971."

The initial contact between the Northup insurer and claimant occurred November 19, 1971, 19 days after the accident and five days after Northup's death. The insurance company representative talked with claimant by telephone. The record does not show what was said. No one contends claimant was told Northup had died. On the letter enclosing the medical authorization forms mailed to claimant three days later, the reference was to "Insured: R. G. Northup." Attorney Skinner's letter in response carried the same reference.

The record does not show when the insurer became aware of Northup's death. The insurer must have known of the death on July 14, 1972, when its representative disclosed the fact to attorney Skinner. The six month period for filing claims had ended May 25, 1972. The only prior meeting between the claims representative and the attorney occurred January 11, 1972, and no evidence was introduced to show what was then said.

The claim was filed about three weeks after attorney Skinner learned of Northup's death. No argument is made that he or claimant lacked diligence after they learned of the death.

At the time the claim was filed, the Northup estate was open and solvent. In fact, administration of the estate was far from complete. Essential tax clearances had not yet been obtained. The federal estate tax closing letter and final inheritance tax receipt were not filed until almost a year later.

The trial court held claimant failed to establish diligence or excuse for lack of diligence entitling her to equitable relief under the statute. The court sustained the executor's motion to dismiss the claim. The motion to dismiss the petition was later submitted and also sustained.

Appeal was taken separately by Leota P. Hamlin from both rulings. Since the proceedings involve the same issue, the appeals have been consolidated and submitted together.

■ Our review is at law. In re Estate of Zimmerman, 160 N.W.2d 502, 504 (Iowa 1968). Trial court findings of fact are binding upon us if supported by substantial evidence, but we are not bound by trial court determinations of law. We are not precluded from inquiry into whether the trial court applied erroneous rules of law which materially affected its decision. Farmers Insurance Group v. Merryweather, 214 N.W.2d 184, 186–187 (Iowa 1974).

There is no dispute about the facts here. The dispute relates to the trial court's application of the law.

■■ The six month period provided in the statute bars later claims unless peculiar circumstances entitle the claimant to equitable relief. The purpose is to permit speedy settlement of estates. Creditors must therefore be diligent in presenting their claims. Negligence does not establish a basis for equitable relief. A creditor's diligence "is always to be measured by the circumstances surrounding him, taken in connection with the condition of the estate, and its administration at the time relief is sought." Brewster v. Kendrick, 17 Iowa 479, 481 (1864).

■ A strong showing of peculiar circumstances is not necessary, especially when the estate is open and unsettled. The provision should be liberally construed to

effectuate justice. Gross v. Hocker, 243 Iowa 291, 300, 51 N.W.2d 466, 471 (1952). The claimant must plead and prove the peculiar circumstances which entitle him to equitable relief. Each case must be decided on its own facts. In re Will of McPheeters, 233 Iowa 199, 204, 8 N.W.2d 588, 591 (1943).

Peculiar circumstances entitling a claimant to equitable relief exist when "the delay beyond the period fixed by statute for filing claims be so excused and explained as that, when considered in connection with the claim asserted and the condition of the estate, good conscience and fair dealing demand that a hearing on the merits be accorded the claimant." Ball v. James, 176 Iowa 647, 659, 158 N.W. 684, 688 (1916).

The trial court believed this case is controlled by Rindfleisch, v. Mundt Estate, 247 Iowa 1124, 77 N.W.2d 643 (1956). In that case the five claimants were residents of Milwaukee, Wisconsin. They were injured in a motor vehicle collision with Mundt on September 2, 1952. Mundt died March 14, 1953. No evidence was offered that the claimants were incapacitated. They and their Milwaukee counsel were slow in sending medical reports and bills to Mundt's liability insurer. Claimants and their lawyer did not know Mundt had died; neither did the liability department of the insurance carrier. It was not until August 31, 1954, 11 months after Mundt's death, that claimants learned of his death and through Iowa counsel then promptly filed their claims in his estate. This court agreed with the trial court that claimants and their Milwaukee counsel had not been diligent. The court held the facts claimants were nonresidents, did not know of Mundt's death, and were not told of his death by the insurer did not establish peculiar circumstances entitling them to equitable relief.

The Rindfleisch court specifically held neither the estate nor its attorney is required to go beyond statutory notice to notify possible claimants of the death of the decedent or of the expiration of time for filing claims. The same principle was applied to deny equitable relief in Bates v. Remley, 223 Iowa 654, 273 N.W. 180 (1937); see also Hawkeye Insurance Co. v. Lisker, 122 Iowa 341, 98 N.W. 127 (1904).

Although the Rindfleisch and Bates cases rest on their own facts, they impose a burden on a claimant to show reasonable diligence or excuse for lack of diligence to discover the decedent's death before peculiar circumstances can be found excusing the late filing of a claim against an estate; when the statutory notice to creditors has been published, they do not recognize the right of a claimant dealing with a party who represented the person when he was alive to assume the person is still alive.

Another line of cases takes a different view. An early case, McCormack v. Cook, 11 Iowa 267 (1860), is difficult to distinguish from the Rindfleisch facts and those in the present case. There the claimant was at all material times a resident of Illinois who held the note of Collins, an Iowa resident. Collins died, and an estate was opened in due course. The claimant did not learn of Collins' death until he retained Iowa counsel to collect the note more than six months after the period for filing claims against Collins' estate had expired. The claim was then promptly filed. The estate was open and solvent. Although the trial court refused equitable relief, this court reversed, saying:

"The conviction made upon our minds by the character of the pleadings, the evidence and the facts admitted, and the whole conduct of the plaintiff is, that his failure to present his claim within the time prescribed by law was attributable more to his ignorance of Collins' death, and his over-indulgence, supposing him to be living, than to any laches or neglect on his part. In connection with this it is conceded that the debt is just and unpaid; that the estate is still unsettled, and able to pay all claims; and we cannot see why these are not just those equitable circumstances which the law intended should let in the claim, * * *." Id. at 269.

In re Estate of Helmts, 203 Iowa 503, 211 N.W. 234 (1926), is a similar case. In that case, like this one, the claimant sought to excuse late filing of a claim because of lack of knowledge of the decedent's death. Two months after the death the creditor addressed a bill to decedent for annual interest due on the note involved. It was received by his executors who paid the interest without disclosing the death. The interest check was forwarded to the creditor by a bank with a letter identifying the payment as interest on the loan "assumed by Mr. Charles F. Helmts, of this city." The court held the claimant had a right to believe Helmts was still alive and paying the interest as it became due. The court reasoned:

"There was nothing in the transaction that would put claimant on guard, or to warn it, or in any way indicate to it that Helmts had passed out; and the first information it received thereof was in the letter from the attorney of the executrices which reached it after the time had expired for filing the claim." 203 Iowa at 506–507, 211 N.W. at 235.

The late filing of the claim was excused.

In Railsback v. Buesch, 253 Iowa 1064, 114 N.W.2d 916 (1962), the court reached the same result even though the claimant knew of the decedent's death. Both drivers were killed in a motor vehicle collision. The administrator of the estate of one of them opened an estate for the other for the sole purpose of pursuing a wrongful death claim. Liability insurance was the only asset of that decedent's estate. While negotiating settlement with the insurance carrier, the claimant let the period for filing claims pass. When this was discovered about two weeks later, the claim was promptly filed. This court held these circumstances justified equitable relief and approved late filing of the claim.

We believe the reasoning of the McCormack, Helmts, and Railsback line of cases should govern this case. Here the estate was open, solvent, and unsettled at all ma-

terial times. The claimant was incapacitated for a long time. Although that did not cause the failure of her attorney to learn Northup had died, it did justify and explain the attorney's willingness to defer negotiations. Until claimant's damages could be ascertained, settlement negotiations would be premature.

Northup's interests were represented by his liability insurance carrier before he died. After he died, his estate's interests were represented by the same party. The insurer's identity and responsibilities were unchanged. As in the Rindfleisch, Bates, and Helmts cases, there was nothing in the transactions with the estate's representative that would put claimant and her attorney on guard, or warn them, or in any way indicate to them that Northup had died. As in those cases, the first information of the death was received after the time for filing claims had expired. In all these cases, the representatives of the estates did not reveal whom they were representing. The claimant in each instance assumed he was dealing with a representative of a live person. In Rindfleisch, Bates, and the present case, this is because same party represented the decedent when he was alive. In Helmts the claimant initiated the contact by addressing a communication to the decedent believing he was alive. We do not think it is unreasonable or negligent for a claimant or a claimant's representative in these circumstances to be lulled into a sense of security so that he does not inquire whether the putative debtor is still alive.

██ Although the conduct of the estate's representative is relevant, proof of peculiar circumstances does not require a showing that the claimant has been a victim of fraud, misrepresentation, deception, or even wrongful concealment. Nichols v. Harsh, 202 Iowa 117, 209 N.W. 297 (1926); see Groves v. Donohue, 254 Iowa 412, 118 N.W.2d 65 (1962); Cave v. Fahan, 249 Iowa 1374, 92 N.W.2d 434 (1958).

We think the Rindfleisch and Bates cases unduly emphasize the significance of publi-

cation notice of the death of the decedent. In those cases, as in this case, the claimants did not have actual notice of the decedents' death. In Rindfleisch the claimants resided in another state; here the claimant resided in another county. Representatives of the estates carried on communications with the claimants as if the decedents had not died. We do not think the claims should be barred simply because publication notice is deemed sufficient notice to the world that the person has died. It is precisely this kind of rigidity and hardship that the statutory exception is designed to avoid.

To the extent that the Rindfleisch and Bates cases do not recognize the right of a claimant dealing with a party who represented the person when he was alive to assume the person is still alive when publication notice of the death has been given, they are overruled. We do not suggest the results of those cases should have been different; we simply disagree with their view of this factor.

In the present case, the short delay beyond the six month period for filing claims is so excused and explained as that, when considered in connection with the claim asserted and the condition of the estate, good conscience and fair dealing demand that a hearing on the merits be accorded the claimant. See Ball v. James, supra. We hold the claimant established peculiar circumstances excusing the late filing of her claim.

Reversed and remanded.