In the Matter of the ESTATE of Leo P. NEMMERS, Deceased, Lucille Nemmers, Executor, Appellant.

BOMGAARS SUPPLY OF LeMARS, INC., an Iowa Corporation, Appellee,

v.

Leo P. NEMMERS and Orville Livermore, Individually and d/b/a Leo Nemmers Construction, Appellants.

No. 63921.

Supreme Court of Iowa.

Sept. 17, 1980.

Dick H. Montgomery, of Greer, Nelson, Bertell, Montgomery & Barry, Spencer, for appellants.

A. J. Stoik, of Stewart, Hatfield, Klass & Whicher, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and LARSON, JJ.

HARRIS, Justice.

The question is whether there were "peculiar circumstances" justifying reopening of an estate. The trial court held there were. We affirm.

Damages, said to result from a fire caused by a welder's spark, were sought in a suit filed in 1974. Plaintiff was Bomgaars Supply of LeMars, Inc., an Iowa corporation. Defendants were Leo P. Nemmers and Orville Livermore. Nemmers died in September 1977. His will was admitted to probate with his widow Lucille as executor. Notice of probate was published in the local newspaper. After administration was completed the estate was closed on July 31, 1978.

On April 23, 1979, Bomgaars Supply filed a motion asking that Nemmer's estate be reopened and that a personal representative be appointed to substitute for Nemmers as defendant in the law action. Lucille Nemmers resisted the motion and the matter came on for hearing at which testimony and a stipulation were offered.

The record shows that Mrs. Nemmers knew of the suit but did nothing to alert Bomgaars of the fact of her husband's death. The manager of Bomgaars store in LeMars was aware of the lawsuit and of the death of the defendant, Leo P. Nemmers. No officer of the corporation had such knowledge. There was no compliance with section 633.415, The Code 1979, which provides in material part:

Any action pending against the decedent at the time of his death that survives, shall also be considered a claim filed against the estate if notice of substitution is served upon the personal representative as defendant within the time provided for filing claims in section 633.-410; however, *this provision shall not bar parties entitled to equitable relief due to peculiar circumstances.* [Emphasis added.]

■ Our review is at law. The trial court findings of fact are binding upon us if supported by substantial evidence. *In re Estate of Northup*, 230 N.W.2d 918, 921 (Iowa 1975).

■ It seems that we have not previously been called upon to define "peculiar circumstances" in section 633.415, a term which was added to the statute in 1972. Prior to then there was no provision for equitable relief. As counsel for Bomgaars Supply point out, however, section 633.415 is in *pari materia* with section 633.410 which has long allowed "equitable relief due to peculiar circumstances." We have interpreted the term as it appears in section 633.410 and those interpretations are instructive. *Rush v. Sioux City*, 240 N.W.2d 431, 445 (Iowa 1976).

We interpreted the older provision in *Northup, supra.* We said:

A strong showing of peculiar circumstances is not necessary . . . . The provision should be liberally construed to effectuate justice. [Authority.] The claimant must plead and prove the peculiar circumstances which entitle him to equitable relief. Each case must be decided on its own facts. [Authority.]

Peculiar circumstances entitling a claimant to equitable relief exists when "the delay . . . when considered in connection with the claim asserted and the condition of the estate, good con-

science and fair dealing demand that a hearing on the merits be accorded the claimant." *Ball v. James*, 176 Iowa 647, 659, 158 N.W. 684, 688 (1916).

230 N.W.2d at 921–22

A trend in our earlier cases, described in *Northup*, 230 N.W.2d at 923, was to focus on the reasonableness of a claimant's belief he was dealing with a representative of a live person.

We do not think it unreasonable or negligent for a claimant or a claimant's representative in these circumstances to be lulled into a sense of security so that he does not inquire whether the putative debtor is still alive.

Although the conduct of the estate's representative is relevant, proof of peculiar circumstances does not require a showing that the claimant has been a victim of fraud, misrepresentation, deception, or even wrongful concealment. [Authorities.]

*Id.*

We find substantial evidence supports the trial court finding of peculiar circumstances. The judgment of the trial court is accordingly affirmed.

AFFIRMED.