STATE ex rel. JULIA C. MUSGRAVE v. PROBATE COURT OF POLK
COUNTY.

April 20, 1900.

Nos. 11,816—(5).

**Claim against Estate of Decedent—Application to File.**

Applications in probate court for leave to file claims after the time fixed
therefor has expired are addressed to the discretion of that court. *Held,*
that the application in this case should have been granted by the probate
court, and that the district court was justified in reversing the order
denying it.

Writ of certiorari issued from the district court for Polk county
to the probate court of that county to review an order made in the
matter of the estate of Stephen H. Parkhurst, deceased, and de-
nying the petition of relator for an extension of time in which to
present a claim against said estate. In the district court the case
was tried before Watts, J., who found in favor of relator, and di-
rected judgment that the order be reversed. From a judgment en-
tered as directed, W. G. Smith, administrator of said estate, ap-
pealed. Affirmed.

*Grover & Massee,* for appellant.

*A. A. Miller,* for respondent.

BROWN, J.

This is an appeal from an order of the district court of Polk
county reversing an order of the probate court of that county de-
nying the petition and application of respondent for an extension
of time in which to present her claim. On July 26, 1897, the last
will and testament of S. H. Parkhurst was duly admitted to pro-
bate, and on the same day the probate court made an order fixing
the time for the presentation of claims at six months from that
date. The same order fixed May 5, 1898, as the day for the hear-
ing and consideration of claims. The respondent is a creditor of
the estate, and employed E. J. Ormsbee, an attorney residing in
the state of Vermont, to prepare and present her claim to the pro-
bate court. She resides in the state of New Jersey. She for-

79 M.—17

merly resided in the state of Vermont, and said Ormsbee was her legal adviser. She intrusted the entire matter of filing her claim to him. Acting under the impression that he had until May 5, 1898, to file the claim, Ormsbee did not file it within the six months. On May 2, 1898, three days prior to the day set for final hearing on claims, the application to be relieved from her default, and for leave to file the claim, was made to the probate court and denied.

No question is made but that the respondent is a bona fide creditor of the estate. There is no doubt but that she exercised reasonable care in the matter of having her claim presented for allowance in proper time, and no doubt in our minds but that the excuse made by Ormsbee for not presenting the claim in time is fully sufficient to warrant the relief applied for. Courts are very liberal in relieving parties from defaults of this kind, especially when no injury can result to innocent parties. They are not only relieved from their own excusable negligence, but from like negligence of their attorneys, as well. In this case it does not appear that the administration of the estate will be in any way hindered or delayed, and it does not appear that any other person interested in the estate will or can be in any manner prejudiced, by granting the application. Applications of this kind, it is true, are addressed to the discretion of the probate court; but we hold that, under the showing made in this case, the district court was justified in reversing the order of that court. Baxter v. Chute, 50 Minn. 164, 52 N. W. 379. It is not important what reason the district judge assigned for making the order. He reached a correct conclusion.

The point is made that the certificate of the judge of probate is insufficient to show that all the evidence was returned to the district court. The writ of certiorari commanded him to return all the evidence and proceedings, and we are of the opinion that the certificate is sufficient to show a compliance therewith.

Order affirmed.