WILLIAM MANATT, Appellant, v. EMMET REYNOLDS, Administrator.

**Filing Claims:** PREVENTION BY FRAUD: *Relief in equity.* Where the owner of a note deposited in a bank directed the cashier thereof to file it as a claim against the estate of the maker, and thereafter relied on the cashier's false assurance that the claim had been filed, no negligence being shown, equity will allow the claim against the decedent's solvent estate, though the estate has been settled and the two years' limitation for presenting such claims has expired.

*Appeal from Poweshiek District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, OCTOBER 16, 1901.

PROCEEDING to establish a claim against an estate on a note. Judgment refusing to allow same because not filed in time. Plaintiff appeals.—*Reversed.*

*Shortley & Harpel* for appellant.

*Jno. F. Talbot* for appellee.

SHERWIN, J.—The claim under consideration is just and unpaid, but it was not filed until nearly two years after the administrator had qualified and given notice of his appointment as required by law. The plaintiff, the deceased, and the administrator lived in the same community, and the plaintiff had actual knowledge of the fact that the estate was in process of settlement. His note was in a bank where he lived, and within the period for filing it as a claim against the estate he directed the assistant cashier to attend to properly filing the same, and was afterwards, and still within the prescribed time, assured that it had been attended to and filed, and plaintiff supposed that such was the case until a very short time before his petition was filed herein. The

estate is solvent, settled, with this exception, and the personal property distributed, and the administrator's final report was filed before this claim was presented.   There is real estate, however, more than sufficient to pay this claim. The record clearly shows that the plaintiff was conversant with the laws governing the time within which his claim must be filed and that he did nothing in relation thereto further than to request the bank official to attend to the matter for him, and to ask him later if he had done so.   That the plaintiff relied in perfect good faith upon the statements made to him by the assistant cashier, and believed that his note had been filed as a claim against the estate, cannot be doubted. It is equally as clear that the claim is a just one, and that the estate can suffer no detriment if it be ordered paid.  The statute fixing the time for filing claims is a just and salutary one in a large number of cases, but it does not fail to recognize the fact that equitable circumstances may arise from time to time which should soften its strict provisions as to time, so that one who has a concededly just claim may not be deprived thereof on account of an oversight, or on account of some appearance of slight negligence, which can in no way work an injury to the legal rights of others.   While we recognize the large discretion given the trial court in these matters, we are constrained to hold in this case that the claim should have been allowed upon the referee's report of facts.   *Ury v. Bush,* 85 Iowa, 701; *Orcutt v. Hanson,* 70 Iowa, 607; *Wilcox v. Jackson,* 57 Iowa, 285; Herrick & D. Probate Law (2d Ed.) 311; *State v. Smith,* 79 Minn. 257 (82 N. W. Rep. 580). See, also, *Peterson v. Koch,* 110 Iowa, 19.   We think the confidence placed in the assurances of the bank official was not such negligence as should defeat plaintiff's just claim.

The judgment is REVERSED.