IN RE ESTATE OF JOSEPHINE PLENDL.

No. 42174.

104

APRIL 3, 1934.

E. P. Murray, for appellants.

Wormley & Wormley, for appellee.

MITCHELL, J.—Josephine Plendl departed this life on the 6th day of October, 1930, leaving a last will and testament, in which she directed that L. F. Kliebenstein be appointed executor and be permitted to serve without bond, and in compliance with said request the said L. F. Kliebenstein was duly appointed and qualified as executor of said will and estate of Josephine Plendl on the 12th day of November, 1930.

On the 9th day of April, 1931, the executor allowed the claim of one D. B. Kliebenstein, based on a promissory note signed by the decedent in the sum of $750, together with interest from May 24, 1930, at the rate of 5 per cent, and on the 31st day of March, 1931, the executor paid said claim out of the funds belonging to the said estate.

There was also belonging to the estate a note in the amount of $500, known as the W. M. Feeney note. It was listed as an asset of the estate, and was due, according to the executor's report, on

February 19, 1929. The executor, without authority of the court, renewed the Feeney note. On the 1st of June, 1932, the executor filed his final report in the office of the clerk of the district court, and shortly thereafter two of the ten heirs of Josephine Plendl filed objections to the final report, asking that the allowance and payment of the claim of D. B. Kliebenstein, based upon an alleged promissory note in the amount of $818.45, be set aside upon the grounds that the claim was not filed within the time prescribed by law; that the said note is not genuine, is a forgery, and a fraud, and that no consideration whatever was furnished by the said D. B. Kliebenstein; that the executor be required to account for all money paid on said note and claim. The objectors also objected to the act of the executor in renewing the note of W. M. Feeney in the sum of $500, asking that said note be declared illegal and void.

The matter proceeded to trial, and a hearing was had, the objectors being present and offering evidence, and the executor and claimant also offered evidence. The court sustained the objections to the acts of the executor in renewing the W. M. Feeney note, holding it was extended without the express authority of the court and should not have been extended. The court, however, overruled the objection to the allowance of the claim of D. B. Kliebenstein, and approved the final report so far as that claim was concerned. From the ruling and decision of the lower court upon the claim of D. B. Kliebenstein, the appellants, who were the objectors in the court below, have appealed to this court. No appeal was taken by the appellee.

So the sole and only question which is now before this court is whether the lower court was right in overruling the objections made to the claim of D. B. Kliebenstein for the sum of $818.45, which is the amount of the note, plus interest to the date the order was entered in the lower court, and which was approved and paid by the executor, and for which credit was asked for such payment in the final report filed in said estate. The objection urged to the final report was specifically directed against the claim of D. B. Kliebenstein. This claim had never been passed on by the court and was before the court for approval or rejection for the first time. The court sustained the claim and found the objection to it should be overruled.

The case at bar is in probate, and this court will not review the cause de novo. The court can only review errors of law com-

mitted by the trial court in passing upon the final report of the executor. This court, in the case of In re Estate of O'Hara, reported in 204 Iowa 1331, at page 1334, 217 N. W. 245, 246, said:

"One other general rule applicable to cases of this character is to be borne in mind, and that is that this action is in probate, and is tried as an ordinary action. It is reviewed here as any other ordinary action, upon alleged errors of law only. It is not triable in this court de novo. The finding of the trial court has the force and effect of the verdict of a jury, and cannot be disturbed on appeal if there is substantial evidence in the record to support it. Calhoun v. Taylor, 178 Iowa 56; Watt v. Robbins, 160 Iowa 587; McGovern v. Heery, 159 Iowa 507; Art-Aseptible Furniture Co. v. Shannon, 159 Iowa 225; Dodge v. Grain Shippers Mut. Fire Ins. Assn., 176 Iowa 316."

Thus, in the case at bar, we must ascertain from the record whether or not there was substantial evidence to support the finding of the trial court, for, if there was, then that finding has the effect of the verdict of a jury and will not be disturbed on appeal.

The record shows that one Ed Hoppe was the owner of a certain note in the amount of $1,500, signed by W. C. Reinking; that in May of 1929 he was desirous of converting said note into cash, and so indorsed the same in blank and left it with L. F. Kliebenstein to be sold. It is the claim of Kliebenstein, the executor, that the decedent, Josephine Plendl, purchased a half interest in said note; and D. B. Kliebenstein, the son of L. F. Kliebenstein, the executor, purchased the other half interest. The Reinking note was assigned in blank and kept in the possession of L. F. Kliebenstein up to the time of and after the death of Josephine Plendl, according to the executor. Josephine Plendl, in the presence of L. F. Kliebenstein, made, executed, and delivered to D. B. Kliebenstein her promissory note in the amount of $750. L. F. Kliebenstein collected the interest on the note and paid to Josephine Plendl her share of it during her lifetime and the other part of the interest to his son, D. B. Kliebenstein. After the death of Josephine Plendl, to wit, on November 12, 1930, L. F. Kliebenstein was duly appointed and qualified as executor. On the 9th day of March, 1931, there was filed with the executor the claim of D. B. Kliebenstein, based on the promissory note signed by the deceased, for the principal sum of $750, plus interest at the rate of 5 per cent, and the executor, L. F. Kliebenstein, noted

on the claim his approval. On the 21st day of March, 1932, the executor paid the claim of D. B. Kliebenstein in the sum of $818.45. The claim, however, was not filed in the clerk's office until June of 1932, which was two months after it had been paid by the executor. Complaint is made by the appellants because the executor voluntarily paid a claim before it was filed in the clerk's office. It was a claim based on a promissory note, which the executor claims he had seen the deceased sign, stating that he knew personally all the material facts relating thereto.

Justice Kindig in In re Atkinson Report, 210 Iowa 1245, 232 N. W. 640, quoted from the case entitled In re Estate of Harsh, 207 Iowa 84, at page 88, the following language:

"The filing of his claim by a creditor, or the allowance thereof by the court is not made a condition precedent to the authority of the administrator to approve and pay it. The administrator may voluntarily pay valid claims against the estate though they are not filed, and, having paid them, is entitled to credit therefor."

It is the claim of the objectors that the note was a forgery. There is the evidence of some members of the decedent's family that in their judgment the signature does not appear to be the signature of Josephine Plendl, but none of them appears to be positive as to whether it was or was not her signature. There is also the testimony in this record of the executor that he saw Josephine Plendl sign the note.

A careful reading of the record in this case convinces us that there was substantial evidence to support the finding and decree of the able and learned trial court, and the judgment and decree of the lower court must be, and it is hereby, affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, KINDIG, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.