STATE OF IOWA, Appellee, v. ALFRED HOLLER, Appellant.

No. 46196.

JUNE 15, 1943.

Philip F. Roan, of Fort Madison, for appellant.

John M. Rankin, Attorney General, Don Hise, Assistant Attorney General, Raymond Wright, County Attorney, and John Dailey, of Burlington, for appellee.

SMITH, J.—This appeal comes to this court on clerk's transcript but has been argued by appellant and appellee, who have filed written briefs. The sole questions for determination are legal in character. The transcript contains no evidence, as the court reporter died before making of transcript, and it has been stipulated between the parties that no abstract of the evidence is necessary.

There was a motion to dismiss the information, based on

two grounds: First, that it had not been approved by the court as required by Code section 13650; second, that the information had not been filed in the manner required by said Code section.

I. The brief itself alleges these two propositions under Error No. 1, and is based upon the ground that the copy of the information which was "presented" to the defendant (presumably by the clerk, under Code section 13652) was not a "true copy" of such information. The transcript is silent as to what was contained in the copy that was given to the accused, and, in fact, does not affirmatively show that any copy was delivered to him or his attorney. However, in his brief defendant sets out an exact copy of the information but without a copy of the court's approval with the clerk's filing mark endorsed thereon as appears on the information itself.

The point under this error seems to be that the clerk did not deliver a true copy of the information for the reason that it was only a copy of the information proper and not of the attached approval of the court and filing mark of the clerk thereon. We take it that the point made in the motion for new trial, in which defendant urged that there was no approval of the court, merely grew out of the fact that the copy served on him did not contain the court's approval on it.

The transcript affirmatively shows, however, that the information was approved by the court in proper form and that as filed it was not open to any objection as to not being properly filed. Code section 13650 prescribes no particular manner of filing and the record shows that everything was regular in this respect. We do not think that Code section 13652, which requires the clerk to deliver to the accused or his attorney a copy of the information, implies that the copy served must also contain a copy of the court's approval and the clerk's filing mark thereon. We see no error under this assignment.

II. The second error assigned by the appellant is predicated on the court's Instruction No. 9. This instruction is not shown in the transcript, which sets out only Instructions Nos. 3 and 17. These are the only ones complained of in the motion for new trial and no exceptions or objections to the others were urged in any other form.

As Instruction No. 9 is not before us and was not excepted or objected to below, we are, of course, unable to review the ruling.

We conclude that the decision of the trial court must be, and it is hereby, affirmed.—Affirmed.

All JUSTICES concur.