GERALD RINDFLEISCH et al., appellants, v. GUS H. MUNDT ESTATE and MARIE MUNDT, executrix, appellees.

No. 48968.

(Reported in 77 N.W.2d 643)

June 19, 1956.

Rehearing Denied September 24, 1956.

Edson & Hamilton, of Storm Lake, and Orth, Riedl & Orth, of Milwaukee, Wisconsin, for appellants.

Page & Nash, of Denison, and Erwin H. Hansen, of Manning, for appellees.

PETERSON, J.—On September 2, 1952, the five claimants were riding in an automobile, owned and driven by claimant Gerald Rindfleisch, proceeding easterly on highway 30 through town of Glidden, Iowa. Gus H. Mundt was driving north on a street in the town and drove his car onto primary 30 and into car occupied by claimants. Mr. Rindfleisch's automobile was damaged and some personal injuries were sustained by all claimants. They were citizens of Milwaukee, Wisconsin, and on September 11 they retained an attorney in said city. The parties had knowledge with reference to Mr. Mundt's liability insurance company and the attorney wrote the company. It referred the claims to an adjusting agency in Milwaukee.

On March 14, 1953, approximately six months after the accident, Mr. Mundt died. His death was not due to injury in connection with the accident. His will was filed, and on March 26, 1953, notice to creditors was posted in accordance with order of court. In April of 1953 there was some correspondence between the attorney for Mr. Mundt's estate and the production department of the insurance company in connection with renewal of the policy. The attorney notified the production department that Mr. Mundt was deceased. The claim department of the company had no knowledge of his death until June 1954, at which time it received the information from their attorney at Denison.

Claimants and their Milwaukee attorney were slow in prosecuting the claims, and it was not until August 31, 1954, two days before the expiration of the two-year statute of limitations, that the claims were filed in the estate. This was eleven months after the time for filing claims had expired. The five claims were then filed under section 635.68 of the Code, alleging peculiar circumstances as justification for failure to file claims prior to expiration of statutory period. Hearing was held on the question as to whether or not such circumstances did exist. The trial court decided they did not, and ruled the claims were barred. From such ruling claimants appeal.

I. Section 635.68, Code 1954, pertinent to this case, is as follows: "All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred, * * * unless peculiar circumstances entitle the claimant to equitable relief."

There have been approximately sixty "peculiar circumstance" cases before this court. About forty per cent have been decided in favor of the presence of such circumstances.

■ As to whether peculiar circumstances exist which permit the filing of claims after expiration of statutory limitations depends on the circumstances of each case. Brewster v. Kendrick, 17 Iowa 479; Johnston v. Johnston, 36 Iowa 608; In re Estate of Palmer, 212 Iowa 21, 236 N.W. 58; First Trust Joint Stock Land Bank of Chicago v. Terbell, 217 Iowa 624, 252 N.W. 769; St. Paul Mercury Idemnity Co. v. Nyce, 241 Iowa 550, 41 N.W.2d 682; In re Will of McPheeters, 233 Iowa 199, 8 N.W.2d 588; Gross v. Hocker, 243 Iowa 291, 51 N.W.2d 466.

There have never been two cases exactly alike. Some are similar in certain respects, but not as to all questions involved. The Code section involved in this case is coextensive with the statutory history of our State. Justice Wright in 1864 in case of Brewster v. Kendrick, supra, made a clear and comprehensive statement of the elements involved in the statute, which statement has been approved many times by this court, and has formed the general basis for many decisions. He said at page 481 of 17 Iowa:

"We are not disposed to recognize any rule or countenance any practice which will tend to retard the speedy settlement of estates. We believe the spirit of the statute accords with the interest of heirs and all those interested in the assets of the estate, in requiring administrators to be prompt and expeditious in the discharge of their duties, and creditors to be diligent in the presentation and establishment of their claims. And yet there may be cases, and the section above quoted recognizes them, when the delay shall not operate as an absolute bar, and when, to deny the creditor relief, would be manifestly inequitable and unjust. Negligence, however, can never afford a passport to the relief contemplated by the statute. The creditor should be diligent, and the amount of his diligence is always to be measured by the circumstances surrounding him, taken in connection with the condition of the estate, and its administration at the time the relief is sought. Each case must be determined, to a great extent, from its own circumstances, keeping in view the spirit of the law, and

the rights and duties belonging to and devolving upon those interested in establishing and resisting the claim."

 II. While there are differences between this case and the facts of previous cases, there have been established through the years certain fundamental rules as to elements which must be present before peculiar circumstances can be approved.

1. Claimant must establish diligence or excuse for lack of diligence.

2. The burden is on claimant to show peculiar circumstances.

3. This case is not triable de novo. The findings of fact of the trial court are binding on this court, if there is substantial evidence to sustain the findings.

III. There has been general accord in many previous decisions that if a claimant desires to establish peculiar circumstances he must show he has been diligent and has not been negligent in connection with failure to file within the statutory time. Brewster v. Kendrick, supra; Lacey v. Loughridge, 51 Iowa 629, 2 N.W. 515; Bates v. Remley, 223 Iowa 654, 273 NW. 180; Taylor v. Jackson, 213 Iowa 844, 239 N.W. 519; In re Estate of Wagner, 226 Iowa 667, 284 N.W. 485; First Trust Joint Stock Land Bank v. Terbell, supra; Federal Land Bank of Omaha v. Bonnett, 226 Iowa 112, 284 N.W. 97; In re Will of McPheeters, supra.

Claimants and their Milwaukee attorney were not diligent. The claims were placed with the attorney on September 11. He did not write the insurance company until October 15. Then he did nothing until December 8, when the adjuster for the company asked for medical reports. Not hearing, the adjuster again asked for them on January 5, 1953. In March the attorney talked with the adjuster, but he only furnished a partial list of medical expenses. It was not until April 23, 1954, 1½ years after the accident that the attorney sent final medical bills. On April 28 he sent a list of special damages claimed. On July 6 the adjuster received statement of time lost. There is no evidence that any of the claimants were incapacitated for any extended length of time. On August 5, 1954, the attorney reduced his demands for settlement. The two-year limitation was drawing to a close, so on August 27, 1954, the Milwaukee attorney referred

the claims to Iowa counsel. On August 31, two days before end of two-year limitation, the claims were filed. This is not a story of diligence. The Milwaukee lawyer could have referred the claims to Iowa counsel promptly. His excuse is he was negotiating with the insurance company adjuster. The evidence shows he was slow and negligent in dealing with the adjuster. Neither the insurance company nor adjuster was under obligations to prosecute the claims. Claimants failed in the first step toward establishment of peculiar circumstances. They neither plead nor prove diligence.

In In re Will of McPheeters, supra, we said at page 205 of 233 Iowa: "In the present case there is absolutely no pleading showing diligence on the part of appellant in seeking to have her claim filed or allowed. She pleads nothing to show that she was in any way misled or misinformed by either the administratrix or the attorney for the estate. She pleads nonresidence, lack of notice of the change in the law, and the fact that the estate was unsettled and that there were funds sufficient to pay the claims against the estate, including her own claim. These, in and of themselves, do not meet the requirements of the law; there must be a showing of diligence or some valid excuse for failure thereof. The record fails to make any such showing."

IV. Claimants must carry the burden in a matter of this nature. The legislature has fixed a six-month limitation on filing claims in order to insure expeditious closing of estates. The door has been left open in case of peculiar circumstances. This is the exception; not the rule. There must be peculiar facts shown to secure benefit of the exception. It cannot be invoked as a matter of course. The rule cannot be otherwise; if it was, the effect of the limitation would be destroyed. Des Moines Transp. Co. v. Haring, 238 Iowa 395, 27 N.W.2d 210; In re Will of McPheeters, supra; Hagen v. Nielsen, 225 Iowa 127, 279 N.W. 94, 281 N.W. 356; Gross v. Hocker, supra; Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 70 N.W.2d 154. In Gross v. Hocker, supra, this court stated at page 300 of 243 Iowa: "The burden rests on a claimant to allege and prove peculiar circumstances which entitle him to equitable relief." Many cases cited.

In the case at bar claimants have not carried the burden.

V. This matter was tried in probate as a law action. Some previous cases have been started and tried in equity, especially if the estate has been closed. Others have been law actions. Where tried in probate, as herein, the action is at law, and this court is bound by the findings of fact of the trial court, provided there is substantial evidence to sustain such findings. In re Guardianship of Baldwin, 217 Iowa 279, 251 N.W. 696; In re Estate of Plendl, 218 Iowa 103, 253 N.W. 819; In re Estate of O'Hara, 204 Iowa 1331, 217 N.W. 245; Calhoun v. Taylor, 178 Iowa 56, 159 N.W. 600; Bates v. Remley and St. Paul Mercury Indemnity Co. v. Nyce, both supra.

The trial court does not specifically outline findings of fact and conclusions of law. Briefly his findings are:

1. Claimants were residents of Milwaukee, Wisconsin.

2. Claims arose out of a collision on September 2, 1952, between car of Gus H. Mundt and car in which claimants were riding.

3. Mundt died March 14, 1953. Underwriting department of Mundt's insurance company were notified as to his death late in March 1953, but claim department was not notified until June 1954. Insurance company continued to negotiate with claimants, but (quoting) "there is no evidence they deceived claimants or lulled them into a feeling of security at any time. There was no deceit and no false promise to pay, no request to postpone filing of claims."

4. Time for filing claims expired September 26, 1953, and claims were filed too late, unless late filing was excused under statute.

5. It is apparent claimants' attorney was only thinking of two-year statute of limitations, because through Iowa attorneys claims were filed August 31, 1954.

6. We quote: "The fact is, claimants, and their attorney, merely forgot that Mundt might die, and were not led into that neglect by anything done or said by another. They delayed taking action for almost two years. They were guilty of negligence and failure to file their claims in time was due to their own negligence."

We hold there was substantial evidence to sustain the findings of fact, and they have the weight of a jury verdict.

This was considered in Bates v. Remley, supra, in which the court stated at page 661 of 223 Iowa: "While an action brought under Code section 11972 [now 635.68] to establish peculiar circumstances as a basis for equitable relief from the bar of the statute is properly cognizable in equity, this action is one at law and the finding of the trial court has the same weight as the verdict of a jury and will not be disturbed on appeal if there is substantial evidence in the record to support it." In re Estate of Plendl, supra, we stated at page 106 of 218 Iowa: "Thus, in the case at bar, we must ascertain from the record whether or not there was substantial evidence to support the finding of the trial court, for, if there was, then that finding has the effect of the verdict of a jury and will not be disturbed on appeal."

VI. Appellants' counsel only urge three matters as establishing peculiar circumstances.

1. Claimants are nonresidents. We have held in many cases that nonresidence of claimant is not sufficient basis for establishment of peculiar circumstances. Roaf v. Knight, 77 Iowa 506, 42 N.W. 433; In re Will of McPheeters, supra; Kells v. Lewis, 91 Iowa 128, 58 N.W. 1074.

2. Claimants had no notice of death of Gus H. Mundt until August 31, 1954.

3. Attorney for Mundt estate wrote Iowa Hardware Mutual Insurance Company of his death in April 1953.

The estate was not obligated to give any notice except statutory notice. It was not the duty of the executrix, nor any attorneys involved in either the estate or the claims, to give personal notice to any creditors, or possible creditors, as to death, or expiration of time for filing claims. Roaf v. Knight, Bates v. Remley, Federal Land Bank v. Bonnett, and Kells v. Lewis, all supra.

We hold these matters are not sufficient to establish peculiar circumstances.

VII. The conclusions of law of the trial court were:

"The showing made does not reveal such 'peculiar circumstances' as to entitle claimants to equitable relief.

"It is determined that each of the claims was filed too late, that such late filing was not excused and that each of the claims was and is barred by reason of such late filing." *

This ruling we affirm.—Affirmed.

All JUSTICES concur.