IN RE ESTATE OF AREND R. SMITH.

VIRGIL HOWARD HOPKINS, appellee, v. LENNA L. LIGHTCAP, executrix of said estate, appellant.

No. 49123.

(Reported in 82 N.W.2d 737)

MAY 7, 1957.

Burnquist, Helsell & Burnquist, of Fort Dodge, and Dudley Weible, of Forest City, for appellant.

Loth & Melton, of Fort Dodge, and Nels Branstad, of Forest City, for appellee.

OLIVER, J.—A claim of Virgil Hopkins was filed in Webster District Court against Lenna L. Lightcap, executrix of the estate of Arend R. Smith, deceased, for damages in the amount of $1266.17, for personal injuries suffered by claimant December 27, 1954, in an automobile collision, in Winnebago County, with a car owned and operated by said Smith, who met death in the collision. The claim was resisted. Among other things, the answer recited it was barred because it was not filed within six months from the giving of notice to creditors by the executrix.

Section 635.68, Code of Iowa, 1954, provides claims not filed within such six months, "will be barred, * * * unless peculiar

circumstances entitle the claimant to equitable relief." Claimant's reply pleaded the existence of such circumstances. Trial of that phase of the case to Webster District Court resulted in a finding such peculiar circumstances had been shown, and an order that the filing of the claim be permitted. From that order we granted executrix this appeal, which she prosecutes.

The record shows the following circumstances: January 27, 1955, Hopkins engaged Attorney Nels Branstad of Forest City, Iowa, to handle his claim against Smith's estate. Branstad contacted Attorney Frank Helsell, of Fort Dodge, who apparently had been Smith's attorney. February 11 Helsell wrote Branstad his firm represented the executrix of Smith's will and that Reverend Smith was insured in Preferred Risk Mutual Insurance Company. Shortly thereafter Branstad talked with an adjuster of the insurance company and told him action would be commenced. Lenna L. Lightcap was appointed executrix of Smith's estate February 21, 1955, in Webster County, where Reverend Smith had resided. She first published notice thereof February 22. April 25 Helsell wrote Branstad of her appointment. May 12, 1955, Branstad instituted, for Hopkins and against the estate of Smith, action for $1266.17 damages for personal injuries suffered in the automobile collision. Original notice thereof was served upon the executrix the same day.

Mr. Branstad commenced that action in Winnebago District Court, relying upon Code section 616.18, which permits the bringing of motor-vehicle damage actions in the county where the damage was sustained. However, this court had held the district court of a county in which a decedent resided at his death, which has taken jurisdiction of his estate, has exclusive jurisdiction of the allowance of claims against such estate, and courts of another county have no jurisdiction thereof. Hulburd v. Eblen, 239 Iowa 1060, 33 N.W.2d 825. According to this holding, with which Mr. Branstad was not familiar, Winnebago District Court had no jurisdiction of the subject matter of the action.

Defendant-executrix appeared by counsel in the Winnebago County case, and, on June 6, 1955, filed answer in four paragraphs, admitting the collision and denying the other allegations

of the petition. Counsel for the executrix testified frankly, he had known of the holding of the Hulburd case ever since that case was decided:

"I didn't put it in the answer because I did not think it was necessary for me to advise an adversary of what the law was. I didn't have any intention of waiting until it was too late for him to start the suit properly. I just didn't think it was necessary for me to advise him of what the law was. Q. The fact is the matter was raised after you thought it was too late for him to start it somewhere else? A. It was raised at that time; yes. Q. Is it fair to say it lay entirely within your own control when you should raise it; you might just as well have raised it sooner or later? A. I would say I could have; yes."

It may be observed that in the Hulburd case the point was raised promptly by special appearance.

September 1955 was the next regular jury term of Winnebago District Court, after the answer was filed. The six-month period for filing claims against the Smith estate expired in August. At the opening of the September term Mr. Branstad attempted to assign the case for trial. Counsel for defendant testified he stated, "it would not be necessary to have it assigned for trial because it would be disposed of on another point. The other point that I had in mind was we would raise the question of jurisdiction of the court over the subject matter and have it disposed of on that point."

September 13 defendant's Amendment to Answer, marked Division II, was filed. It made reference to the probate proceedings in Webster County and pleaded Winnebago District Court had no jurisdiction of the subject matter. At the same time defendant filed application for determination of that point of law before trial. Plaintiff filed Reply to the Amendment to Answer September 21. September 23 the point of law was argued and submitted. October 11, 1955, the Winnebago District Court held it was without jurisdiction and adjudged that plaintiff's petition be dismissed without prejudice. The claim in probate here in question was filed in Webster District Court October 31, 1955. The executrix answered November 9. Claimant's reply was filed November 10.

It will be remembered counsel for the executrix did not question the jurisdiction of Winnebago District Court of the subject matter of the case until more than six months after the first publication of executrix's notice of appointment in Webster County. With reference to what was done by counsel for the executrix the findings of the trial court state:

"But the situation we have here is that something is actually done when the action is filed in Winnebago County, and what is done is the filing of an Answer, which Answer pleads in response to the Petition but omits any reference to the jurisdictional defense which the defendant would have. Now, the answer concludes with this line: 'Wherefore, having fully answered, defendant asks that she may go hence with her costs.'

"That was, in the opinion of the Court, calculated to lull the attorney for the claimant into a sense of security. That is, it was calculated to make him feel that what he had done was proper and sufficient."

■ The single question here presented is whether claimant proved the existence of peculiar circumstances which entitled him to equitable relief under Code section 635.68. As pointed out in various decisions, the answer in each case depends upon the facts shown in the record in such case. Rindfleisch v. Mundt Estate, 247 Iowa 1124, 77 N.W.2d 643, and citations.

Manatt v. Reynolds, 114 Iowa 688, 689, 87 N.W. 683, states: "The statute fixing the time for filing claims is a just and salutary one in a large number of cases, but it does not fail to recognize the fact that equitable circumstances may arise from time to time which should soften its strict provisions as to time, so that one who has a concededly just claim may not be deprived thereof on account of an oversight, or on account of some appearance of slight negligence, which can in no way work an injury to the legal rights of others."

■■ In the case at bar there is nothing in the record to indicate claimant or his counsel failed to exercise diligence before and after the period when the action was pending in Winnebago District Court or that they were guilty of culpable delay in prosecuting that action. The activity exhibited in disposing of

the claim is not fairly subject to criticism. As already stated, the trial court found the procedure employed by opposing counsel was calculated to lull counsel for claimant into a sense of security.

Gross v. Hocker, 243 Iowa 291, 299, 300, 51 N.W.2d 466, 470, 471, states:

"We are mindful that we have frequently said section 635.68 should be liberally construed in order to effectuate justice. [Citations] * * *.

"This language from Ball v. James (Ladd, J.), 176 Iowa 647, 659, 158 N.W. 684, 688, comes as near to the statement of a general rule as we find in our decisions: 'Such a case as will warrant relief in equity is not contemplated. What is contemplated is that the delay beyond the period fixed by statute for filing claims be so excused and explained as that, when considered in connection with the claim asserted and the condition of the estate, good conscience and fair dealing demand that a hearing on the merits be accorded the claimant.' * * *.

"We have held several times that a strong showing of peculiar circumstances entitling claimant to equitable relief is not necessary, especially where the estate is solvent and unsettled [citations]."

In Gross v. Hocker, supra, claimant delayed action against the estate pending determination of his special appearance in an action for damages in another county, into which he had been drawn, and which involved the same parties and the same automobile collision. The decision points out that although the pendency of the other action did not prevent claimant from filing claim against the estate it furnished some excuse for the delay until after the ruling in the other action. In the Gross case claimant agreed to look only to the proceedings of decedent's liability insurance. In the case at bar the findings of the court state: "* * * it is obvious that the real party in interest is the insurance carrier of the deceased"; that the amount involved is small and it may be assumed "the estate, under no circumstances, could be hurt here."

In the Gross case claimant's delay was deliberate, pending

the determination of claimant's legal assault upon the jurisdiction of the other court. In the case at bar claimant's delay was involuntary and was due largely to the failure of the opposition to sooner assail the jurisdiction of Winnebago District Court. In the Gross case and in the case at bar the claim or action in question, filed after the expiration of the six-month period, was merely a continuation of litigation adjudged to have been originally instituted in the wrong court and which all parties and counsel had reason to know would probably be pressed. The peculiar circumstances shown entitling claimant to equitable relief appear somewhat stronger in the case at bar than in the Gross case, and the comparable factual situations make the reasoning and conclusion of that case applicable here.

The trial of this probate matter was at law. The court found "equitable circumstances do exist for permitting the filing of the claim in the case at bar." That determination, like findings of a law court upon other issues, is not reviewable de novo here. Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1194, 70 N.W.2d 154, 157; Rindfleisch v. Mundt Estate, supra, 247 Iowa 1124, 1130, 1131, 77 N.W.2d 643, 647, 648. It is supported by substantial evidence. Hence it will not be disturbed upon appeal.—Affirmed.

All JUSTICES concur.