93 N.W.2d 587 (1958)
In the Matter of the ESTATE of Tobitha ASHING, Deceased.
STATE BOARD OF SOCIAL WELFARE, State of Iowa, Appellant,
v.
Charles M. MANLY II as Administrator of the Estate of Tobitha Ashing, Deceased, Appellee.
No. 49597.
Supreme Court of Iowa.
December 16, 1958.
Norman A. Erbe, Atty. Gen., and Frank D. Bianco, Asst. Atty. Gen., for appellant.
John Paul Jones and W. C. Hoffmann, Des Moines, for appellee.
LARSON, Justice.
*588 The State Board of Social Welfare brought these proceedings in probate to set aside an order closing the estate of Tobitha Ashing, deceased, and to reopen for the purpose of considering appellant's claim filed after the expiration of the six-month period for filing claims under Section 635.68, Code 1954, I.C.A. The trial court denied the application and the Board appeals.
The facts as disclosed by the record are not in dispute. The State Board of Social Welfare, under Chapter 249 of the Code, I.C.A. granted and paid old age assistance to Tobitha Ashing from February 1, 1936, to and including April 1, 1946, in the sum of $2,809.20. Other funds were then available to her and the allowance was cancelled. She died on or about November 17, 1956, and due notice of the appointment was first published under date of November 22, 1956. The administrator, relatively a newcomer in the vicinity, although having acted as her guardian for some seven or eight years, denied any actual knowledge of the old age assistance previously furnished, until he received a letter from the department in November, 1957, almost a year after the estate was opened and about three months after it had been closed. As the ward was deaf and dumb, the guardian could only communicate with her through a sister. This was seldom, and then at a nursing home where Tobitha Ashing was being cared for prior to her death.
On May 15, 1957, an auditor for the social welfare department learned of her death and that her estate was then open. He immediately wrote a letter to the state social welfare office in Des Moines informing them of his discovery. Although the remaining time was obviously short in which to file a claim, the matter did not receive special handling. The department prepared a claim which was sent in the usual manner to the county social welfare worker at Grinnell, Iowa, some 22 miles from the county seat. It arrived on her desk on the 22nd day of May, the last day for filing the claim in the estate. Instead of driving to the court house in Montezuma, Iowa, to file the claim, she sent it by mail to the clerk of the court at the county seat. It arrived on the 23rd day of May, 1957, and was marked filed on that date.
In the meantime, on the 22nd day of May, the administrator, being in Montezuma, had examined the file, found no outstanding claims, and had taken the file back to his office in Grinnell for the purpose of preparing his final report. He testified that he did not re-examine the docket for possible claims filed after May 22, 1957.
On August 9, 1957, Mr. Manly, the administrator, filed his final report showing a balance on hand of $2,863.53. Pursuant to the required notices to "all other interested persons", as shown by the file in his office, the final report was presented to and approved by the court on August 23, 1957. The undistributed cash was paid to Ethel N. Patty, a niece and only heir-at-law of the deceased. No notice was served upon the social welfare department. It was unaware that the estate was closed until shortly before commencing this action in November, 1957. With the exeception of filing the claim on May 23rd, it had made no effort to have the claim considered or to call the matter to the attention of the administrator.
The trial court denied the application to reopen, and the Board appealed.
The sole question of law presented by this appeal is, did the trial court err in overruling the application or, in effect, in dismissing its petition for the establishment of its claim and for an accounting?
Appellant contends that its claim was timely filed, that it was illegally deprived of notice of the closing of the estate, that its claim was illegally given no consideration, and that it had shown peculiar circumstances which would permit a reopening of the estate for the purpose of considering that claim.
The crux of this controversy is whether the appellant carried its burden to prove due *589 diligence in filing its claim, and had not been negligent in connection with the failure to file within the statutory time. The trial court apparently found that it failed on both of these issues, and we agree.
I. We do not agree with appellant that this action is triable de novo. The matter was tried in probate, and where so tried, the action is at law even though some equitable relief is asked. If there is substantial evidence to sustain a finding that appellant was not diligent, this court is bound by that finding by the trial court. Rindfleisch v. Mundt Estate, 247 Iowa 1124, 1130, 77 N.W.2d 643, and many cases cited therein; Federal Land Bank of Omaha v. Bonnett, 226 Iowa 112, 123, 284 N.W. 97. While it is true there were no specific findings of fact and conclusions of law filed in this matter, this case is like the Rindfleisch case in that it is obvious the court found a lack of due diligence in filing the claim, neglect in prosecuting its claim subsequent to discovery that the estate was open, and that there was no misconduct on the part of the administrator which would relieve appellant from its obligation. Unless the record then fails to disclose substantial evidence to support these findings, the trial court's action in denying appellant's application must stand.
The facts as disclosed by the record before us are simple. The auditor for the social welfare department discovered the open estate six full days before the expiration of the six-month statutory period expired. He did not contact the administrator. He did not call the office in Des Moines. . He wrote a letter to the Des Moines office on May 15, 1957, and it arrived on the 16th. There it received no special handling. Although Saturday and Sunday intervened, yet it was not until May 21st that the claim was executed and sent by mail, not to the clerk of the court at the county seat in Montezuma, Iowa, but to the social welfare worker in Grinnell, Iowa. It arrived on the 22nd of May, the last day for filing a claim in this estate. Apparently no instructions as to the necessity of prompt action accompanied the claim. Anyway the social worker did not drive to the county seat to file the claim, did not call the administrator regarding it, and did not in fact get the claim filed until the 23rd day of May, 1957, one day late. It was mailed from Grinnell to Montezuma. Upon this evidence the trial court evidently thought the showing of due diligence fell short of that required to excuse the late filing, and that it was far short of absolving the department of negligence in connection with the failure to file within the statutory period. It is our conclusion the evidence supports that finding.
II. The appellant further contends Section 635.68 is not applicable to such state claims. Under this statute "all claims" were required to be filed in the office of the clerk of the district court of residence county within six months following its opening. Section 635.68, Code 1954, I.C.A., provides:
"All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred, except as to actions against decedent pending in the district or supreme court at the time of his death, or unless peculiar circumstances entitle the claimant to equitable relief."
It has been held that this statute is not merely a statute of limitations, but is in the nature of a nonclaim statute and that it applies to the state as well as to the individual. In a rather extensive discussion of this question, we have previously reviewed both the logic and the holdings of various authorities of other jurisdictions. See In re Estate of Peers, 234 Iowa 403, 12 N.W.2d 894, and cases cited therein; St. Paul Mercury Indemnity Co. v. Nyce, 241 Iowa 550, 41 N.W.2d 682. In the Peers case at page 411 of 234 Iowa, at page 898 of 12 N.W.2d, we said: "The statute here in question is a statute of limitations. Soppe v. Soppe, 232 Iowa 1293, 1294, 8 N.W.2d 243, 244. But it is more than a statute of limitations. It *590 is a nonclaim statute wherein the claim of the state is not excepted."
It is sufficient to say that by the weight of authority, the contention of the appellant that this section is a statute of limitations not applicable to the state or its social welfare agency cannot be sustained.
III. Therefore, it is quite evident that unless the appellant carried its burden of showing other peculiar circumstances entitling it to equitable relief, its effort to reopen this estate must fail.
There have been established in this jurisdiction through the years certain fundamental rules as to elements which must be present before peculiar circumstances can be approved. In Rindfleisch v. Mundt Estate, supra, 247 Iowa 1124, 1128, 77 N.W.2d 643, we said they were: "1. Claimant must establish diligence, or excuse for lack of diligence. 2. The burden is on claimant to show peculiar circumstances." We also said, as a third rule, that such cases are not triable de novo. We have already disposed of this third item in Division I, supra. In Division II, supra, we held that the evidence was sufficient to justify the trial court's finding that due diligence had not been shown, nor had an adequate excuse been established. We cannot agree with the contention that a reasonable or legal excuse is established by testimony that such matters must be processed in a routine manner, and that due diligence requires no special effort in special circumstances. Here the evident emergency required special handling by the auditor, the Des Moines office, and the local worker. No effort was shown that would indicate any special effort to meet the deadline provided by the statute. We are convinced this is required if such a late filing is to be excused, even in equity.
This is not the case where discovery of the estate is made too late for filing, such as is found in the case of In re Estate of Helmts, 203 Iowa 503, 211 N.W. 234, where the claimant was lulled into a false sense of security by the continued payment of interest on the note by the decedent's heirs. There we found the claimant had carried his burden to show peculiar circumstances justifying a reopening of the estate and consideration of the claim. The same is true of the late case of Cave v. Fahan, Iowa, 92 N.W.2d 434. There statements and actions of the insurance company indicating they would settle with claimant influenced him in such manner that he failed to file his claim in the estate. We permitted a reopening for consideration of his claim. Each case involving the question must, of course, depend upon its own facts and circumstances.
We are satisfied that no such circumstance here appears to justify a reopening. We doubt very much that the act of the administrator in taking the file from the clerk's office promptly on the last day of filing and his failure to re-examine the docket afterwards, or to file a thirty-day report to the court, were such acts, standing alone, as would qualify as an excuse or peculiar circumstance which would justify the reopening of the estate. Such acts in no way influenced appellant or caused it to neglect its duty to exercise due diligence in filing its claim. It must be clear that acts of an administrator subsequent to an unexcused late filing of an ordinary claim could not revive an expired right to have that claim considered.
We find no error in the court's order overruling the petition for establishment of claims and accounting, and must therefore affirm.
Affirmed.
All Justices concur.