In re Claim of Nina B. Gwynne, appellant, v. George Vance, executor of estate of Cyrus S. Vance, deceased, appellee.

No. 51996.

(Reported in 140 N.W.2d 917)

MARCH 8, 1966.

Carl H. Pesch of Zimmerman, Zimmerman & Pesch, of Waterloo, and David F. McCann of Dipple & McCann, of Council Bluffs, for appellant.

John H. Holley of Blake & Holley, of Shell Rock, and Zastrow, Noah & Smith, of Charles City, for appellee.

THORNTON, J.—This is a claim in probate. The hearing in the trial court was limited to the question of peculiar circumstances sufficient to allow claimant equitable relief for late filing of her claim. The claimant appeals from an adverse ruling. Claimant urges we should consider the case de novo as the case was tried in equity. She states her other errors or propositions for reversal in the alternative in the event we conclude the case is at law. These are that she has established diligence or an excuse for the lack of diligence, she has established peculiar circumstances sufficient to entitle her to equitable relief in that she was misled as to the time in which to file the claim.

Claimant is a daughter of decedent and a resident of Omaha. Decedent died September 13, 1963, his will was admitted to probate and the notice of appointment of the executor published on the 17th, 24th and 31st of October, 1963. Claimant knew of her father's death. It is stipulated she did not know he died testate until March 11, 1964, and did not receive a copy of the will until April 6, 1964. It was also stipulated that thereafter claimant called Judge L. E. Plummer of the Twelfth Judicial District concerning the will and was advised by him to write a letter setting forth the nature of her concern about the will which she did on April 23, 1964. The letter was addressed to the "Judge of the Probate Court" at Allison. Judge C. H. Wild answered

her letter on April 25, wherein, after advising her it was usually necessary to obtain an attorney, he stated:

"You apparently feel that the wills executed by your parents do not express their true desires with respect to their property. Unless you present evidence to the court that this is true, the court is required to accept the will as the lawful wills of your parents. Any person interested in the estate has one year from the time the will is admitted to probate to file such a claim. I cannot advise you further."

On June 8 claimant consulted an Omaha lawyer who referred her to Iowa counsel. On July 31, 1964, her claim was filed. Resistance was filed and claimant demanded a jury. The executor filed an application for the adjudication of law points under rule 105, Rules of Civil Procedure. Claimant filed a resistance thereto urging a fact question was raised. There was no ruling on this resistance. Claimant withdrew her demand for a jury as follows, "* * * of the fact issue of peculiar circumstances only, and respectfully requests that such issue be tried to the court." A stipulation as indicated was entered into and counsel agreed to taking the testimony of claimant bearing on peculiar circumstances.

I. Thus we have a hearing on the fact issue of peculiar circumstances tried separately. The claim was still in probate, nothing that was done indicates the case was tried in equity. The claim here as alleged was for services rendered by claimant to decedent for which decedent agreed to compensate her in his will but did not. Such a claim in probate is triable at law, either to a jury or the court. Our review is for the correction of errors and not de novo. Edler v. Fick, 252 Iowa 1367, 1372, 110 N.W. 2d 665. The fact one issue, peculiar circumstances, was tried separately to the court does not change this. Rindfleisch v. Mundt Estate, 247 Iowa 1124, 1130, 77 N.W.2d 643, and citations; and In re Estate of Smith, 248 Iowa 857, 863, 82 N.W.2d 737.

II. The trial court held the proceedings were governed by section 635.68 of the 1962 Code and not section 633.410 of the new Iowa Probate Code. This ruling is not questioned here.

In this state of the record, where the trial court has held

claimant has not shown diligence or an excuse for the lack thereof and that the letter of Judge Wild is not such a peculiar circumstance as to entitle claimant to equitable relief, to reverse we must hold as a matter of law a showing of diligence or excuse was made and the circumstances are such as entitle claimant to file her claim late.

Claimant's evidence by stipulation shows she knew of her father's death, presumably on or about the time of death, September 13, 1963, but it does not show she did anything to determine whether she had been compensated in the will. She knew of the will March 11, 1964, but did not learn of its contents until April 6. There is no showing she did anything between those dates. The time of her phone call to Judge Plummer does not appear. This is not a case where claimant was prevented by some circumstance beyond her control from knowing all she needed to know to file her claim. Each of the cases under section 635.68 rests on its own facts both as to diligence and peculiar circumstances, of these none has been called to our attention which holds a failure to take any steps to file a known claim constitutes diligence. In fact it is a failure of proof. Rindfleisch v. Mundt Estate, 247 Iowa 1124, 77 N.W.2d 643, and citations; and Gross v. Hocker, 243 Iowa 291, 51 N.W.2d 466.

In Brewster v. Kendrick, 17 Iowa 479, 481, we said, "The creditor should be diligent, and the amount of his diligence is always to be measured by the circumstances surrounding him, * * *."

In Ball v. James, 176 Iowa 647, 659, 158 N.W. 684, 688, we said:

"Such a case as will warrant relief in equity is not contemplated. What is contemplated is that the delay beyond the period fixed by statute for filing claims be so excused and explained as that, when considered in connection with the claim asserted and the condition of the estate, good conscience and fair dealing demand that a hearing on the merits be accorded the claimant."

It follows the peculiar circumstance must excuse the delay. Appellee in argument concedes the time for filing claims would not expire until April 24, 1964. See section 635.66, subsection 3, 1962 Code, and section 410, chapter 326, Sixtieth General Assem-

bly, also Code section 633.410. We do not know when she talked with Judge Plummer on the phone other than it was before April 23. Her letter answered by Judge Wild was written on that date. A copy of it is not in evidence, all we can determine as to its contents comes from the reply to it. The only fair import of Judge Wild's letter is that inquiry had been made as to a will contest. It cannot be reasonably twisted to mean a claim for services rendered the decedent could be filed in one year.

Claimant contends the court erred in finding as a fact she did not rely on the phone conversation with Judge Plummer and as a fact Judge Plummer did not advise her she had a year in which to file a claim for services because there is not substantial evidence to sustain such finding.

This argument misconceives the nature of the finding. This finding is the same as a defendant's verdict. A defendant's verdict need not be sustained by substantial evidence, it may properly be the result of the failure to sustain the burden of proof. The trier of fact, here the court, may simply not believe the witness. This does not mean the trier of fact may totally disregard evidence, but it has the duty to weigh the evidence and determine the credibility of witnesses. With this we cannot interfere. In re Claim of Blackman (Estate of Hunt), 256 Iowa 1076, 1088, 129 N.W.2d 618, 625; Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1194, 70 N.W.2d 154; and Lavalleur v. Hahn, 167 Iowa 269, 272, 149 N.W. 257. Here claimant did not allege or testify on direct examination to reliance on a statement made to her by Judge Plummer. It was stipulated claimant called Judge Plummer and he informed her, "to write a letter setting forth the nature of her concern about the will which she did on April 23, 1964." The only evidence that Judge Plummer told her she had a year to file a claim for services was her affirmative answer to such a question on cross-examination. She did not testify she relied on that statement and she did write the letter. The court was not bound to accept claimant's testimony as true. Its credibility was to be weighed like any other evidence. Lavalleur v. Hahn, supra.

This brings us to the point that claimant's phone call and letter pursuant thereto are her sole acts to show diligence,

880

and the letter was in such form as to bring a response bearing on a will contest not a claim for services. We cannot hold as a matter of law this constitutes a peculiar circumstance entitling her to equitable relief to file her claim late. In fact, we think the finding of the trial court that claimant has failed to establish diligence or an excuse for a lack thereof is fully supported by the record. No excuse is given for her failure to act from her father's death until her phone call.

It is well established that ignorance of law or fact, or that claimant is a nonresident, In re Will of McPheeters, 233 Iowa 199, 8 N.W.2d 588, and Rindfleisch v. Mundt Estate, 247 Iowa 1124, 77 N.W.2d 643, or that the estate is open and solvent, Gross v. Hocker, 243 Iowa 291, 51 N.W.2d 466, do not, standing alone, constitute peculiar circumstances.—Affirmed.

All JUSTICES concur except MASON, J., who takes no part, and BECKER, J., who dissents.