George M. EVJEN, Administrator of the Estate of Mark Allen Evjen, Deceased, Plaintiff-Appellant,

v.

Philip D. BROOKS, Administrator of the Estate of Mark J. Pauly, Deceased; Southland Corporation; and the 7-Eleven, Mt. Vernon Rd. S.E., Cedar Rapids, Linn County, Iowa, Defendants-Appellees.

No. 83–1441.

Court of Appeals of Iowa.

Jan. 29, 1985.

Ralph W. Koons, Cedar Rapids, for plaintiff-appellant.

Robert R. Rush and John C. Monroe of Lynch, Dallas, Smith & Harman, Cedar Rapids, for defendant-appellee Brooks.

Craig A. Levien of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for defendants-appellees Southland and 7-Eleven.

Heard by OXBERGER, C.J., and SNELL and SACKETT, JJ.

SNELL, Judge.

Decedents Mark Pauly and Mark Evjen were killed in a car accident on March 14, 1982, in Linn County, Iowa. Pauly was the driver of the car and Evjen was the passenger. Estates for both men were opened in Linn County. On May 1, 1982, the second notice to creditors in the Pauly Estate was published. On May 10, 1983, the administrator of the Evjen Estate filed a petition with the Linn County Clerk of Court against the administrator of the Pauly Es-

tate. He alleged that the decedent, Mark Pauly, was negligent in operating the car and his negligence resulted in the wrongful death of Mark Evjen. The administrator of the Pauly Estate filed a motion to dismiss, which on request was considered as a motion for summary judgment. The trial court granted the motion for summary judgment and the Evjen Estate appeals from that order.

In *Frohwein v. Haesemeyer*, 264 N.W.2d 792 (Iowa 1978), the governing principles for reviewing summary judgment motions were stated:

> We view the underlying facts contained in the pleadings and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to such party the benefit of any doubt as to the propriety of granting summary judgment. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied, and to reverse the grant of summary judgment if it appears from the record there is an unresolved issue of material fact.

*Id.* at 634. The burden is on the moving party who is required to show that there is no genuine issue of material fact involved in the case and that he is entitled to judgment as a matter of law. *Anita Valley, Inc. v. Bingley*, 279 N.W.2d 37, 40 (Iowa 1979).

The issue is whether "peculiar circumstances" existed within the context of Iowa Code sections 633.410 and 633.415 to justify a waiver of the time limitations for filing claims against a decedent's estate.

All claims against a decedent's estate, whether absolute or contingent, liquidated or unliquidated, must be filed within six months of the date of the second publication of notice to creditors unless peculiar circumstances exist entitling claimants to equitable relief. Iowa Code § 633.410 (1983). Section 633.415 provides for the continuation or commencement of actions within the time limits set forth in section 633.410.

Several Iowa cases have dealt with the question of whether equitable relief should be granted for failure to file a claim within the requisite time. Elements which must be present before peculiar circumstances can be found include: the claimant must establish diligence or an excuse for lack of diligence; and the burden is on the claimant to show peculiar circumstances. *Rindfleisch v. Mundt Estate*, 247 Iowa 1124, 1128, 77 N.W.2d 643, 646 (1956). In *Rindfleisch*, the Iowa Supreme Court refused to grant relief finding that counsel had not been diligent. The court held that the facts that the claimants were non-residents, did not know of decedent's death, and were not told of his death by the insurer did not establish peculiar circumstances entitling them to equitable relief. *Id.* at 1131, 77 N.W.2d at 648. Other Iowa cases have followed a similar analysis. *See, Bates v. Remley*, 233 Iowa 654, 661, 273 N.W. 180, 184 (1937) (although the facts that the claim is just and that the estate is solvent and unsettled are entitled to consideration, court refused to grant relief when failure to file claim was due to negligence or lack of diligence).

In *In re Estate of Northup*, 230 N.W.2d 918 (Iowa 1975), the Iowa Supreme Court distinguished *Rindfleisch* and discussed another line of cases in which equitable relief was granted for failure to file within the six-month period. The court stated:

> We believe the reasoning of the McCormack, Helmts, and Railsback line of cases should govern this case. Here the estate was open, solvent, and unsettled at all material times. The claimant was incapacitated for a long time. Although that did not cause the failure of her attorney to learn Northup had died, it did justify and explain the attorney's willingness to defer negotiations. Until claimant's damages could be ascertained, settlement negotiations would be premature.

*Id.* at 923, *citing McCormack v. Cook*, 11 Iowa 267 (1860); *In re Estate of Helmts*, 203 Iowa 503, 211 N.W. 234 (1926); *Railsback v. Buesch*, 253 Iowa 1064, 114 N.W.2d 916 (1962). The *Northup* court also em-

phasized the fact that the claimant believed that he was dealing with the representative of a live person and that the claimant lived in a different county.

■ We believe that the claimant in this case has not established peculiar circumstances which justify a waiver of the time limitation. In this case, Evjen was killed, which forecloses the excuse that the claimant was incapacitated and damages were uncertain. All parties involved and the attorneys resided in Linn County. There is no denial that the attorney and the administrator of the Evjen Estate knew that Pauly was deceased before the expiration of the six months. This fact is evidenced by a letter sent by the attorney to Pauly's insurance carrier prior to the publication of notice. This letter stated that they were investigating a potential claim. While the appellants argue that they should be granted relief because the person to whom the letter was sent had left State Farm prior to the actual filing of the petition, they do not deny that they took no further action until the filing of the petition over six months from the end of the six-month deadline. The mailing of the letter did not relieve the appellants of their obligation to commence their cause of action within the proper time frame.

While there are cases where peculiar circumstances justify an extension of the time limit, this is not such a case. The failure to file the claim within the requisite time was due to negligence or lack of diligence. This is not a basis for waiving the time limitation. *Bates v. Remley*, 223 Iowa 654, 661, 273 N.W. 180, 184 (1937).

The trial court order granting the motion for summary judgment is affirmed.

AFFIRMED.

All Judges concur except OXBERGER, C.J., and SACKETT, J., who specially concur.

OXBERGER, Chief Judge (specially concurring).

I concur specially with the majority's conclusion that plaintiff should not be al-

lowed to proceed against the estate with his claim. The notice to him of the closing of the estate was inadequate. *See Continental Insurance Co. v. Mosley*, 98 Nev. 476, 653 P.2d 158 (1982), remanded — U.S. ——, 103 S.Ct. 3530, 77 L.Ed.2d 383 (1984). However, since the issue has not been raised by plaintiff, it cannot determine the outcome of this case, and I concur in the result reached by the majority.

SACKETT, Judge (specially concurring)

I concur specially. I agree with the majority in their determination that the plaintiff has failed to plead and prove peculiar circumstances which entitled him to equitable relief despite the fact that this claim was known to decedent's representative, the estate is still open and it appears that decedent had a liability insurance policy covering the accident in question.

I have grave difficulty justifying the harsh result that section 633.410 of the Code has dealt the plaintiff herein.

The purpose of a shortened claims statute is to provide for a speedy settlement of estates. *See In Re Estate of Northup*, 230 N.W.2d 918, 921 (Iowa 1975). However, the need for speedy settlement of estates hardly seems to provide sufficient justification to allow the personal representative to summarily shorten with nothing more than a published notice the statute of limitations on claims of creditors known to or discoverable with reasonable diligence by the personal representative.

It is difficult to determine that a routine notice published two times in an inconspicuous place in a newspaper of general circulation in the county of decedent's residence is a fair notice.[1] For the creditor to actually see the notice he must subscribe to and/or read carefully the newspaper of publication. Realistically, how many creditors would be in such a class, particularly in today's world when persons' business transactions frequently cross county as well as state lines.

1. No due process arguments have been ad-  vanced here and none were considered.

While the argument could be advanced that a person knowing of a debtor's death has the obligation to check with the clerk of court for a probate filing, there are two serious fallacies with that argument. First, our shortened claim statute[2] allows the claim time to be tolled in less than twenty weeks, a period in which the creditor may still be unaware of the debtor's death. Secondly, the date for filing is not a date certain until the publication is actually made.

True published notices are the only manner to notify unknown claimants. But as to known or readily ascertainable claimants the legislature should look at IRCP 60.1(a) with reference to mailing of a published notice to known defendants and consider requiring a mailing of the published notice by the personal representative to known or readily ascertainable claimants.

---

2.  633.410 was amended by Senate File 2138, 70th General Assembly 1984 Iowa Legis.Serv. No. 3 at p. 5 (West), to shorten the time for filing claims from six months after the date of the second published notice to four months after the second published notice.